**The STATE of Ohio, Appellee,**

v.

**KELLY, Appellant.**

[Cite as *State v. Kelly* (2001), 142 Ohio App.3d 179.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 99 C.A. 116.

Decided April 25, 2001.

*Paul J. Gains,* Mahoning County Prosecuting Attorney, and *Michael T. Villani,* Assistant Prosecuting Attorney, for appellee.

*Walter David Ritchie,* for appellant.

GENE DONOFRIO, Judge.

Defendant-appellant, Richard Kelly, appeals from a decision of the Mahoning County Common Pleas Court adjudicating him a sexual predator.

Appellant was convicted of rape in 1960. He served nine years and ten months in prison. In 1971, appellant was charged with armed robbery and first degree murder. He entered into a plea agreement whereby he pled guilty to second degree murder. He was sentenced to life in prison. Appellant was paroled in 1986. Appellant was subsequently arrested three times in 1989. He was charged with theft twice and disorderly conduct once. He pled no contest to all three charges and was found guilty of each. In 1991, he was sent back to prison for violating his parole.

In 1998, the Department of Rehabilitation and Correction recommended that the trial court adjudicate appellant a sexual predator. The court held a sexual predator status hearing and found appellant to be a sexual predator as defined by R.C. 2950.01(E). It is from this judgment that appellant seeks relief.

Appellant alleges two assignments of error, the first of which states:

"The court below erred in admitting a report made by a psychology assistant Patricia Myers which stated that Mr. Kelly's chances of committing future sexual assaults were quite high. This was not the reliable hearsay envisioned by the Ohio Supreme Court in *State v. Cook.*"

Appellant asserts that the trial court should not have admitted a report prepared by psychology assistant Patricia Myers ("Myers") because it was hearsay. Myers was not present at the hearing to testify about the report. Appellant argues that he was denied the opportunity to cross-examine Myers regarding her credentials. He contends that Myers's report was unreliable and, therefore, the court should not have admitted it into evidence.

Myers interviewed appellant on August 20, 1992, after the Adult Parole Authority referred him for a psychological evaluation. Myers's report was made a part of appellant's file with the Adult Parole Authority. Appellant completed a number of psychological tests that Myers evaluated. Myers also examined appellant's criminal record, his versions of the offenses, his adjustment to incarceration, his relevant social history, his mental status, his major problem areas, and his parole plan. Dennis Almasi, appellant's parole officer, testified regarding the report at the hearing.

In *State v. Cook* (1998), 83 Ohio St.3d 404, 425, 700 N.E.2d 570, 586–587, the Ohio Supreme Court held that the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings. It further opined that trial courts could rely upon reliable hearsay, such as a presentence investigation report. *Id.*

█ The trial court acted properly in admitting Myers's report. The Third District Court of Appeals has held that a trial court does not err in admitting a psychological evaluation report at a sexual predator hearing on the grounds that it constitutes admissible hearsay. *State v. Zabrosky* (Dec. 7, 1999), Seneca App. No. 13–99–11, unreported, 1999 WL 1100157. Also, in a case from the Tenth District Court of Appeals, the trial court, during a sexual predator hearing, relied on a copy of the appellant's Parole Board hearing file, which contained a psychological report. *State v. Dillbeck* (Dec. 14, 1999), Franklin App. No. 99AP– 399, unreported, 1999 WL 1139781. Although the report does constitute hearsay, it falls within the "reliable hearsay" that may be admitted in a sexual predator hearing. Furthermore, appellant had the opportunity to attack the evidence

contained in Myers's report, to call his own witnesses and/or experts, and present his own evidence, which he did.

Accordingly, appellant's first assignment of error is without merit.

Appellant's second assignment of error states:

"The court below erred in finding by clear and convincing evidence that the defendant is a sexual predator under O.R.C. 2950.09 and 2971.01."

Appellant claims that the trial court erred in finding any evidence that he had a propensity to engage in sexually oriented offenses in the future. He argues that the court failed to properly consider the statutory criteria set out in R.C. 2950.09(B)(2). He also argues that since his rape conviction in 1960, he has not been convicted of any sex offenses.

Appellant asserts that the only evidence appellee presented to show his propensity to commit new sexual offenses was Myers's report, which was unreliable. He argues that he presented two reports by Dr. Keith Smedi, a psychologist, who concluded that he was not a sexual predator. He further argues that he established Dr. Smedi's credentials and appellee had the opportunity to cross-examine Dr. Smedi; therefore, his reports and conclusions were reliable.

Appellant contends that merely committing a sexually oriented offense is not proof, without further evidence or compelling facts, that he is likely to engage in future sexually oriented offenses, citing *State v. Ward* (1999), 130 Ohio App.3d 551, 558, 720 N.E.2d 603, 607–608.

R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."

R.C. 2950.09(B)(2) lists the factors a court shall consider in making a determination as to whether an offender is a sexual predator. They include, but are not limited to:

"(a) The offender's age;

"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;

"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;

"(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;

"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

"(g) Any mental illness or mental disability of the offender;

"(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;

"(j) Any additional behavioral characteristics that contribute to the offender's conduct."

R.C. 2950.09(B)(3) provides that after reviewing all of the testimony and evidence presented at the hearing and the factors specified in R.C. 2950.09(B)(2), the court shall determine whether the offender is a sexual predator by clear and convincing evidence.

"Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus.

When reviewing an issue that must be supported by clear and convincing evidence, the appellate court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof. *Id.* at 477, 53 O.O. at 364–365, 120 N.E.2d at 123.

The court found that appellant had been convicted of rape in 1960. The court considered all of the testimony and other evidence presented, the statements of counsel, the applicable law, and all of the relevant factors.

The court found the following in its judgment entry: Appellant is fifty-eight years old and was eighteen at the time of the rape. He has a criminal record that consists of rape, second degree murder, and larceny. The victim of the rape was between thirty and thirty-four years of age at the time of the rape and was the mother of one of appellant's friends. The offense did not include multiple victims. Appellant did not use drugs or alcohol for the rape. Appellant

did not participate in any sexual offender programs. Appellant was housed at Lima State Hospital for several years and classified as a psychopathic offender. He also received treatment at Oakwood Hospital and Parkview Counseling. Appellant's conduct during the rape was severe and cruel in that he forcefully raped his friend's mother after breaking into her home, stripping her of her pajamas, and beating her about the head and body. Records indicate that appellant has repeatedly assaulted other inmates both physically and sexually while in prison.

The trial court considered all of the relevant factors, statutory and otherwise. Based upon all of the evidence presented at the hearing, the trial court had sufficient evidence to determine by clear and convincing evidence that appellant is a sexual predator. Accordingly, appellant's second assignment of error lacks merit.

For the reasons stated above, the decision of the trial court is hereby affirmed.

*Judgment affirmed.*

VUKOVICH and WAITE, JJ., concur.