OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant Michael Patterson appeals the decision of the Mahoning County Court of Common Pleas classifying him as a sexual predator. Patterson claims the trial court abused its discretion by classifying him as a sexual predator without clear and convincing evidence he was likely to engage in sex offenses in the future. We conclude there is clear and convincing evidence supporting the classification. Accordingly, we affirm the decision of the trial court.
 {¶ 2} On January 25, 1993, Patterson was indicted on one count of gross sexual imposition in violation of R.C. 2907.05, a felony of the third degree, with a specification for a prior offense of violence under R.C. 2941.143 and a specification for physical harm under R.C. 2929.11. The indictment was based upon allegations Patterson had sexual contact with an eleven-year-old girl, causing her physical harm. On October 28, 1993 Patterson pleaded guilty to this count, and after accepting his guilty plea, the trial court sentenced Patterson to a term of 2 1/2 to 10 years incarceration.
 {¶ 3} On October 27, 2000, upon recommendation by the Department of Rehabilitation and Correction to establish Patterson's sexual offender status, a sexual predator hearing was conducted. At the hearing, the State produced information relating to the gross sexual imposition charge in addition to evidence regarding his extensive criminal history. This evidence was presented by way of: (1) the original indictment; (2) a PSI regarding his aggravated robbery offense; (3) Patterson's entire criminal record as provided by the Bureau of Youngstown Criminal Investigation; and,(4) a PSI regarding the gross sexual imposition offense. The State also called Lenore Blanton from the abuse unit of the Mahoning County Children Services Board.
 {¶ 4} Blanton testified she began investigating Patterson in December of 1992. At that time, Patterson had allegedly abused another twelve-year-old girl who was not the subject of the gross sexual imposition case. The second victim's mother had been dating and living with Patterson. The second victim told Blanton that on several occasions, when she was asleep, Patterson would come up to her bedroom and touch her on her thighs and her chest. On one particular occasion, she had attempted to get to a phone in order to call for help but Patterson took the phone away. The second victim also explained to Blanton that Patterson threatened her by saying her mom would get into trouble if she revealed his actions to anyone.
 {¶ 5} Blanton then testified she had substantiated the abuse in the second victim's case but did not file criminal charges. She explained that Patterson was already being charged with gross sexual imposition for abusing the eleven-year-old victim in this case. Therefore, the police decided it wasn't necessary to put the other "child through this."
 {¶ 6} Blanton further testified the allegations regarding the abuse of the victim in this case were similar to those involving the other victim. When the victim in this case was sleeping, Patterson "touched her in her leg area, in her chest area, and then later penetrated her digitally." Finally, Blanton testified there were two other girls who were allegedly abused by Patterson.
 {¶ 7} Patterson then took the stand and testified he was thirty-eight at the time of his incarceration for the gross sexual imposition charge. Patterson testified when he pleaded guilty to the charge, he had been on probation for aggravated robbery. He explained that the State would have terminated his probation if he did not plead guilty, resulting in a five to twenty-five year sentence.
 {¶ 8} When questioned about the allegations of sexual misconduct with juveniles, Patterson responded:
 {¶ 9} "I've thought about that. It's like — that was the past. That was three, seven years ago. It was something that now, that if I'm around any little young females like that, and I'll make sure somebody's there with me so I won't have any allegations pinned on me like that. Even if I'm helping other people, juveniles, if there's a girl involved, I would just say, well, I can't be with her alone. I need a parent, or I need a supervisor with me so no allegations at this point will be thrown against me."
 {¶ 10} After reviewing this evidence, the trial court concluded Patterson should be classified as a sexual predator which Patterson now appeals.
 {¶ 11} As his sole assignment of error, Patterson asserts:
 {¶ 12} "Trial court erred in finding the defendant was a sexual predator without clear and convincing evidence he was likely to engage in sex offenses in the future."
 {¶ 13} The trial court determined Patterson was a sexual predator under R.C. 2950. A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). In order to properly adjudicate an offender a sexual predator, the dictates of R.C. 2950.09 must be followed. R.C.2950.09(B)(2) requires the trial court to take into consideration all relevant factors in making a sexual predator determination, including those enumerated in the statute:
 {¶ 14} "(2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 15} "(a) The offender's age;
 {¶ 16} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 17} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 18} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 19} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 20} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 21} "(g) Any mental illness or mental disability of the offender;
 {¶ 22} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 23} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 24} "(j) Any additional behavioral characteristics that contribute to the offender's conduct." Id.
 {¶ 25} The statute specifies the burden of proof. "After reviewing all testimony and evidence presented at the hearing, * * * the judge shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(B)(3). Clear and convincing evidence is the evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122,568 N.E.2d 1222. While clear and convincing evidence is more than a preponderance of the evidence, it does not rise to the level of evidence beyond a reasonable doubt. State v. Ingram (1992), 82 Ohio App.3d 341,346, 612 N.E.2d 454.
 {¶ 26} The standard of review to be applied by this court is set forth in State v. Hardie (2001), 141 Ohio App.3d 1, 749 N.E.2d 792:
 {¶ 27} "Sexual predator classification proceedings under R.C.2950.09 are civil in nature and require the prosecution to prove by clear and convincing evidence that an offender is a sexual predator. R.C.2950.09(B); State v. Cook (1998), 83 Ohio St.3d 404, 408, 700 N.E.2d 570,575. We will not reverse a trial court's determination that an offender is a sexual predator if some competent credible evidence supports it.State v. Morris (July 18, 2000), Washington App. No. 99CA47, unreported;State v. Daugherty (Nov. 12, 1999), Washington App. No. 99CA09, unreported; State v. Meade (Apr. 30, 1999), Scioto App. No. 98CA2566, unreported. This deferential standard of review applies even though the state must prove that the offender is a sexual predator by clear and convincing evidence. Meade." Id. at 4.
 {¶ 28} Patterson bases his appeal on two theories. Patterson first argues he was only convicted of one sexually oriented offense and "a powerful motivating factor was to avoid an aggravated robbery probation violation for which he would serve more time than that of the Gross Sexual Imposition." However, we find this argument would be better suited for either a direct appeal of his guilty plea or for a petition for post-conviction relief rather than an appeal from his sexual predator classification. More importantly, the Ohio Supreme Court, following United States Supreme Court precedent, has long held that a "counseled plea of guilty is an admission of factual guilt which removes issues of factual guilt from the case." State v. Wilson (1979), 58 Ohio St.2d 52, 12 O.O.3d 51, 388 N.E.2d 745, at paragraph one of the syllabus. A plea of guilty constitutes a complete admission of guilt. Crim.R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." United States v. Broce (1989), 488 U.S. 563, 570,109 S.Ct. 757, 102 L.Ed.2d 927. The plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. Menna v. New York (1975), 423 U.S. 61,96 S.Ct. 241, 46 L.Ed.2d 195.
 {¶ 29} Additionally, if Patterson maintained he was innocent but felt that he would still benefit from a plea bargain, he could have entered an Alford plea. "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." North Carolina v. Alford (1970),400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162. A trial court may accept a guilty plea containing a protestation of innocence when "a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." Id. at 37. Patterson did not enter an Alford plea and has, up until this time, failed to challenge in any manner the voluntariness or knowingness of his plea. Therefore, Patterson's argument regarding his guilty plea is meritless.
 {¶ 30} Patterson's final argument is that the State presented no more than "hearsay, rumor, and innuendo" that he had participated in other sexual offenses. In State v. Cook (1998), 83 Ohio St.3d 404, 425,700 N.E.2d 570, the Ohio Supreme Court held that the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings. It further opined that trial courts could rely upon reliable hearsay, such as a pre-sentence investigation report. Id., see, also,State v. Kelly (2001), 142 Ohio App.3d 179, 754 N.E.2d 1273.
 {¶ 31} In the present case, what Patterson appears to challenging is the testimony of Blanton. The Third District has decided a case involving testimony regarding the admission of allegations of prior abuse. In State v. Austin (Aug. 2, 2000), 3rd Dist. No. 9-2000-11, testimony was admitted over the objection of counsel regarding a prior allegation of sexual abuse against the defendant from Children Services' records. "In our view, such hearsay was unreliable due to the unsubstantiated nature of the allegation of sexual abuse and its age. Hence, we conclude that the trial court erred in considering the information to which [the witness] testified from the 1987 investigation." Id. at 4.
 {¶ 32} The Austin court explained the testimony given by the witness, a child abuse investigator for Marion County Children Services, related to a sexual abuse investigation which occurred several years before for which no case was ever opened and no charges were brought. The witness had not been involved with that investigation and as such, had no personal knowledge of the particulars of the prior incident. And, finally, the court reasoned the incident alleged to have occurred was more than thirteen years old at the time of the sexual predator determination hearing. Nonetheless, the court concluded the consideration of such evidence was not prejudicial since the trial court could have reasonably concluded from other evidence that the defendant was likely to engage in the future in one or more sexually oriented offenses.
 {¶ 33} In the present case, Blanton, who was similarly a child abuse investigator, was involved in the investigation of the other allegations. Accordingly, she had personal knowledge of the accounts which, notably, were substantiated by the other witnesses she had interviewed. Moreover, we find it significant that Patterson did not deny the truth of these allegations. In Kelly, this court emphasized the fact that the defendant had the opportunity to attack the hearsay, to call his own witnesses and/or experts, and present his own evidence. Id. at 182. Patterson was afforded those same opportunities.
 {¶ 34} Accordingly, we conclude the trial court did not abuse its discretion in determining Patterson was a sexual predator. Patterson had pleaded guilty to one count of gross sexual imposition with a specification for physical harm since the victim's hymenal membrane was damaged. He had been investigated for three other alleged cases of abuse. He repeatedly snuck up on his young victims while they were sleeping and then threatened them. Given these facts, we cannot say the trial court lost its way in deciding Patterson was a sexual predator.
 {¶ 35} Accordingly, Patterson's sole assignment of error is meritless and we affirm the decision of the trial court.
Judgment affirmed.
Waite, P.J., and Vukovich, J., concur.