DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the June 6, 2006 judgment of the Lucas County Court of Common Pleas which classified appellant, Robert Carpenter, as a sexual predator. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} The relevant facts are as follows. In 1981, following a jury trial, the trial court found appellant guilty of aggravated robbery, aggravated burglary, and gross sexual imposition. The gross sexual imposition conviction is the "index offense" that was *Page 2 
examined at the sexual predator hearing. The facts from that incident are undisputed. Carpenter and his co-defendant, Clyde Willis, robbed two landlords, who were husband and wife, at gunpoint. Appellant instructed Willis to take the couple and tie them up in a separate room. Appellant then entered the room to discover Willis sexually assaulting the female victim. Appellant alleges that he prevented his co-defendant from committing a rape. This is not contradicted by the victim's statements in the record.
 {¶ 3} The court sentenced appellant to 14 to 50 years of imprisonment and ordered him to serve 13 years. Four months following his release from prison, appellant was arrested and again charged with aggravated robbery. He served another 11 years in prison for that offense.
 {¶ 4} While serving his second sentence appellant was involved in four incidents that resulted in disciplinary control. This included being charged with corruption of a minor who accused appellant of rape in 1998. According to appellant, the victim was being harassed by multiple inmates at the institution and used appellant as a scapegoat to get transferred. Appellant denied the allegation, but was not allowed to defend himself until he was transferred to another institution. Appellant contends that the offense was eventually expunged from his institutional summary report due to lack of evidence and credibility issues.
 {¶ 5} Prior to appellant's possible release on parole, the Ohio Department of Rehabilitation and Correction recommended a sexual offender classification hearing pursuant to R.C. 2950.09. At an initial hearing on May 24, 2004, the trial court was *Page 3 
presented with a report from the Court Diagnostic Treatment Center by Lucia Hinojosa, clinical psychologist, which recommended a sexual predator classification for appellant. Appellant's trial counsel requested that a second opinion be provided because certain conduct by appellant referred to in Hinojosa's report were to have been expunged from his prison record. The trial court agreed to order a second opinion.
 {¶ 6} On June 28, 2004, at the second scheduled hearing on the matter, the trial court was presented with a report from the Court Diagnostic Treatment Center by Timothy F. Wynkoop, neuropsychologist, which also recommended a sexual predator classification for appellant. This report also referred to the allegedly "expunged" records of appellant's conduct while incarcerated. On June 30, 2004, the trial court found by clear and convincing evidence that the defendant was a sexual predator as defined by R.C. 2950.01(E).
 {¶ 7} Appellant appealed the sexual predator classification. Reversing the trial court, this court held that the trial court failed to articulate any of the relevant factors as set forth in R.C.2950.09(B)(3) in the record. We vacated the judgment of the Lucas County Court of Common Pleas and remanded the matter for a new sexual offender classification hearing. See State v. Carpenter, 6th Dist. No. L-04-1195,2005-Ohio-6133.
 {¶ 8} On remand, the trial court determined that it would be wise to have a third expert interview appellant and give an opinion as to whether a sexual predator classification would be appropriate. The trial judge asked Dr. Wayne Graves, clinical and forensic psychologist, to form an opinion as to whether the alleged rape that was *Page 4 
removed from appellant's prison record would have a bearing on Graves' classification of appellant. To aid Dr. Graves in forming an opinion, the court provided him with the reports given by the two prior experts over objection by the defense.
 {¶ 9} At the May 22, 2006 Sexual Offender Classification hearing, the following evidence was presented. Dr. Graves testified that he used two separate actuarial systems while evaluating appellant which included the Static 99 and the Sex Offender Risk Appraisal Guide ("SORAG"). While utilizing the Static 99, Dr. Graves determined that appellant would be placed into the high-risk category of recidivism when considering the rape allegation which occurred while incarcerated, and the moderate-high category when not considering the rape allegation. Using the SORAG, Dr. Graves concluded that appellant had over a 50 percent chance of recidivism after both seven and ten years. Dr. Graves felt that the SORAG was the best test to consider in this situation since it was formulated using individuals who were institutionalized in the past. Further, it is impossible for the SORAG to take the rape allegation into account because only sexual offenses occurring prior to the index offense are considered. Dr. Graves also gave his opinion regarding appellant based solely on his clinical evaluations. He stated that based on his clinical findings alone, he felt that appellant's likelihood of recidivism was not as high as the two actuarial systems suggested. Dr. Graves still classified appellant as a sexual predator stating that his clinical judgment is not as good as the actuarial systems. He also stated that his opinion would be the same regardless of whether the prison incident was considered. *Page 5 
 {¶ 10} Next, appellant testified about the events that led to his incarceration in 1981, along with the allegations of the sexual offense while in prison. Appellant explained that he prevented his co-defendant from committing a rape during the 1981 robbery. Appellant went on to discuss the events that occurred while he was incarcerated. Appellant stated that he could not have raped the young man in prison because he was attending an Alcoholics Anonymous meeting when the incident took place. Because of this, the director of the prison expunged the incident from appellant's record.
 {¶ 11} After taking all of the evidence into consideration on June 6, 2006, the trial court classified appellant as a sexual predator. The court found, based on the three psychological evaluations and the factors set forth in R.C. 2950.09(B)(3), that there was clear and convincing evidence to classify appellant as a sexual predator. Appellant now appeals, setting forth a sole assignment of error for our review:
 {¶ 12} "The state failed to meet its burden of proof of providing clear and convincing evidence that Carpenter should be designated as a sexual predator."
 {¶ 13} A sexual predator is defined by R.C. 2950.01(E)(1) as a "person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant was convicted of gross sexual imposition which is considered a sexually oriented offense under R.C.2950.01(D)(1)(a). Gross sexual imposition is not registration exempt under R.C. 2950.01 (P) and (Q). *Page 6 
 {¶ 14} R.C. 2950.09 (B)(3) sets forth the statutory factors the court must consider in determining whether one should be deemed a "sexual predator." That section provides:
 {¶ 15} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including but not limited to, all of the following:
 {¶ 16} "(a) The offender's or delinquent child's age;
 {¶ 17} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 18} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 19} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 20} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 21} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders; *Page 7 
 {¶ 22} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 23} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 24} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 25} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 26} A trial court need not find all or even a majority of these factors in order to classify an offender as a sexual predator. State v.Whitson (Apr. 7, 2000), 6th Dist. No. WD-99-034. However, clear and convincing evidence must support a trial court's determination that an offender is a sexual predator. R.C. 2950.09 (B)(4). The Supreme Court of Ohio recently held that a court of appeals must apply the civil manifest-weight-of-the-evidence standard in its review of the trial court's findings in a sex offender classification. State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 32. Under this standard, the trial court's determination will be upheld if it is supported by some competent, credible evidence. Id. *Page 8 
 {¶ 27} On the record at the conclusion of the classification hearing, the trial court classified appellant as a sexual predator based on its findings after reviewing the three separate psychological evaluations along with the R.C. 2950.09 (B)(3) factors. The court held that the three reports given by the experts were just another factor to take into consideration, but the fact that all three classified appellant as a sexual predator presented strong evidence. In addition to the evaluations, the court examined the applicability of the factors listed in R.C. 2950.09 (B)(3). The court explained that appellant has an antisocial personality, which speaks to the mental illness factor. The court then discussed that appellant has a lengthy and serious criminal history and has been incarcerated for a long time. The court referred to the index offense and that there were multiple victims[1] and elements of cruelty. Taking all of these factors into consideration along with the three psychological reports, the trial court found by clear and convincing evidence that appellant is a sexual predator.
 {¶ 28} On consideration of the foregoing, we cannot say that the trial court erred in its decision to label appellant as a sexual predator pursuant to R.C. 2950.01 (E)(1). The trial court properly considered and discussed the factors set forth in R.C. 2950.09 (B)(3) in coming to its decision. Those factors along with the reports presented by the three experts provided competent, credible evidence to support the trial court's judgment that appellant is a sexual predator. Appellant argues that the evaluation given by Dr. Graves was tainted because he had access to the two prior reports while doing his own *Page 9 
psychological analysis. From the testimony that Graves presented it would not appear that his evaluation was tainted; Graves clearly expressed that he would classify appellant as a sexual predator despite the rape allegation or the prior reports. Accordingly, we find that the trial court's judgment is not against the manifest weight of the evidence and that appellant's sole assignment of error is not well-taken.
 {¶ 29} On consideration whereof, we find that substantial justice was done the party complaining and that the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski P.J., William J. Skow, J. CONCUR.
[1] Although we disagree with the trial court's finding that there were multiple victims, it does not alter our determination in this case. *Page 1