OPINION
{¶ 1} Appellant Richard Kelly was adjudicated a sexual predator in 1998 in the Mahoning County Court of Common Pleas. He filed a direct appeal of that decision, but lost the appeal in 2001. In late 2006, he filed a pro se "petition" with the trial court seeking to remove a registration requirement he believed was part of the 1998 ruling. The "petition" was overruled by the trial court without a hearing, and that decision is now challenged in this pro se appeal.
 {¶ 2} Appellant argues that he cannot be required to register as a sexual predator because the registration requirements in R.C. Chapter 2950 apply only to sentences that were either imposed after, or ended after, July 1, 1997. Appellant cites State v. Taylor,100 Ohio St.3d 172, 2003-Ohio-5452, 797 N.E.2d 504, in support. The rape conviction that forms the primary basis of Appellant's sexual predator designation occurred in 1960. He was released from prison after serving nine years and ten months on that conviction. Both of these events occurred well before July 1, 1997, and Appellant believes he should not be required to register as a sexual predator.
 {¶ 3} Appellant did not raise this error during the direct appeal of his sexual predator designation, and under the doctrine of res judicata, he cannot raise it now in a collateral proceeding. Furthermore, Appellant was not required to register as a sex offender under the terms of the trial court's 1998 ruling. Thus, neither this Court nor the trial court can grant the relief that Appellant seeks. If the Department of Rehabilitation and Correction is in error for requiring Appellant to register as a sexual predator, he should initiate proceedings (such as filing for a writ of mandamus) *Page 2 
against that agency. The trial court was correct in overruling Appellant's "petition", and the decision is affirmed.
 HISTORY OF THE CASE {¶ 4} Appellant was found guilty on March 23, 1960, of one count of rape. He served nine years and ten months in prison before his release. In 1971, Appellant was charged with armed robbery and first degree murder. He pleaded guilty to second-degree murder and was sentenced to life in prison. Appellant was paroled in 1986. During his period of parole, he pleaded no contest to theft and disorderly conduct charges, and was returned to prison for violating parole.
 {¶ 5} In 1998, while Appellant was still in prison, the Department of Rehabilitation and Correction recommended that Appellant be designated a sexual predator. A hearing was held in the Mahoning County Court of Common Pleas, and on May 4, 1999, the court ruled that Appellant was a sexual predator. The trial court's judgment entry states that extensive evidence was presented at the hearing, including expert medical evidence. The court reviewed many factors that were considered as part of its judgment, including the fact that Appellant had not participated in any sexual offender rehabilitation programs; that he was housed for several years at Lima State Hospital as a psychopathic offender; that he had forcefully raped his friend's mother after breaking into her home and beating her; and that he physically and sexually assaulted other inmates while in prison.
 {¶ 6} Appellant filed a direct appeal of this judgment, raising two issues. First, he argued that a psychological report should not have been admitted as *Page 3 
evidence. This report concluded that he had a high chance of committing future sexual assaults. He also argued that the sexual predator designation was not supported by clear and convincing evidence. We overruled his assignments of error and affirmed the trial court's judgment. State v. Kelly (2001), 142 Ohio App.3d 179, 754 N.E.2d 1273. There is no indication that Appellant filed a further appeal to the Ohio Supreme Court.
 {¶ 7} Appellant claims that he was released from the Hocking Correctional Institution on January 6, 2003, and was later notified by the Department of Rehabilitation and Correction that he must register as a sexual predator. These assertions cannot be verified in the record.
 {¶ 8} On December 27, 2006, Appellant filed a "Petition for Removal of Sexual Predator Registration" with the trial court. The prosecutor's office filed a motion to dismiss. The trial court dismissed Appellant's petition in a judgment entry filed on January 12, 2007. Appellant filed an appeal on February 8, 2007.
 ASSIGNMENTS OF ERROR ONE AND TWO {¶ 9} "UNDER CASE KNOWN AS STATE V. TAYLOR, 100 OHIO ST.3D 172, THE COURT ERRED IN OVERRULING PETITION FOR REMOVAL OF SEXUAL PREDATOR REGISTRATION WITHOUT HEARING OR FINDINGS ON THE RECORD SINCE AN UNAMIOUS [sic] COURT DETERMINED STEP BY STEP CRITERIA FOR LOWER COURT TO FOLLOW BEFORE DEFENDANT IS SUBJECTED TO THE REGISTRATION AND NOTIFICATION REQUIREMENT OF O.R.C. SECTION 2950.04(4). *Page 4 
 {¶ 10} "UNDER STATE V. TAYLOR, 100 OHIO ST.3D 172 (2003) THE COURT ERRED IN NOT APPLYING THE RETROACTIVE APPLICATION FOR REVIEW OF A CASE WHERE APPELLANT, A COURT CLASSIFIED SEXUAL PREDATOR COULD NOT LEGALLY BE SUBJECTED TO THE PROVISIONS OF O.R.C. SECTION 2950.04(4)"
 {¶ 11} Although Appellant presents two assignments of error, his argument is the same in both. He contends that the trial court should have reversed, overruled, or negated an alleged order contained in the May 4, 1999, judgment entry requiring him to register as a sexual predator. Appellant relies solely on State v. Taylor,100 Ohio St.3d 172, 2003-Ohio-5452, 797 N.E.2d 504, in support. In Taylor, two defendants were convicted of sex offenses in the 1970s. They were released from prison, but later committed non-sexual offenses that resulted in additional prison terms. The state filed motions to determine whether the defendants were required to register as sexual predators. The trial courts in both cases designated the defendants as sexual predators, and determined in the same journal entries that the defendants were subject to the sexual offender registration requirements of R.C. Chapter 2950. The defendants appealed, and the issue before the Ohio Supreme Court was whether the registration requirements applied to the defendants.
 {¶ 12} The Taylor Court looked closely at the language of R.C. 2950.04
to determine whether those defendants were required to register as sexual offenders. R.C. 2950.04(A) states, in pertinent part: *Page 5 
 {¶ 13} "(1) Each of the following types of offender who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense * * * shall register personally with the sheriff of the county * * *:
 {¶ 14} "(a) Regardless of when the sexually oriented offense was committed, an offender who is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and, on or after July 1, 1997, is released in any manner from the prison term, term of imprisonment, or confinement;
 {¶ 15} "(b) Regardless of when the sexually oriented offense was committed, an offender who is sentenced for a sexually oriented offense on or after July 1, 1997, and to whom division (A)(1)(a) of this section does not apply;
 {¶ 16} "(c) If the sexually oriented offense was committed prior to July 1, 1997, and neither division (A)(1)(a) nor division (A)(1)(b) of this section applies, an offender who, immediately prior to July 1, 1997, was a habitual sex offender who was required to register under Chapter 2950. of the Revised Code."
 {¶ 17} The Taylor Court reviewed the facts in each defendant's case and determined that neither fell into any of the three categories listed in R.C. 2950.04(A)(1). Thus, they did not need to register as sexual offenders. According to Appellant, the trial court should have followedTaylor and should have sustained his "petition."
 {¶ 18} Appellee presents two arguments in rebuttal. Appellee argues that res judicata bars Appellant from challenging the trial court's May 4, 1999, journal entry *Page 6 
adjudicating him as a sexual predator, particularly when that judgment was upheld on direct appeal. Res judicata was defined in Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus, as follows: "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." There are two types of res judicata matters, one involving claim preclusion and the other involving issue preclusion. The definition set forth inGrava v. Parkman Twp. refers to claim preclusion, where a party is prohibited from litigating the same claim after a valid final judgment has been reached. Issue preclusion, on the other hand, means, "that material facts or questions which were in issue in a former suit, and were there judicially determined by a court of competent jurisdiction, are conclusively settled by a judgment therein so far as concerns the parties to that action and persons in privity with them." Goodson v.McDonough Power Equipment, Inc. (1983), 2 Ohio St.3d 193, 195,443 N.E.2d 978.
 {¶ 19} The doctrine of res judicata encompasses not only claims that were specifically raised in the prior action, but also bars claims that could have been raised but were not:
 {¶ 20} "The doctrine of res judicata is an integral part of the law of this state. For purposes of the matters before us, this doctrine is that an existing final judgment or decree between the parties to litigationis conclusive as to all claims which were or might have beenlitigated in a first lawsuit." (Emphasis added.) Rogers v. City ofWhitehall (1986), 25 Ohio St.3d 67, 69, 494 N.E.2d 1387. *Page 7 
 {¶ 21} Appellee contends that Appellant never raised an issue regarding the registration requirements in his appeal. Appellee argues that the doctrine of res judicata bars him from raising it now in collateral proceedings. Appellee is correct; the issue cannot be raised in this new appeal based on the principles of res judicata cited above. If Appellant is attempting to launch a general attack on his classification as a sexual predator, the issue has already been conclusively determined and cannot be challenged through this collateral procedure.
 {¶ 22} The doctrine of res judicata has a direct bearing on the type of relief Appellant requested from the trial court. Appellant filed a "petition" in the trial court to overturn one or more aspects of his sexual predator adjudication. The "petition" cannot be characterized as a motion for postconviction relief under R.C. 2953.21, because that statute applies only to challenges of criminal judgment entries. Sexual offender classification proceedings arising out of R.C. Chapter 2950 are civil in nature. State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570; State v. Wesley, 149 Ohio App.3d 453, 2002-Ohio-5192,777 N.E.2d 905, ¶ 6. Hence, Appellant's "petition" appears to be more akin to a Civ.R. 60(B) motion to vacate or motion for relief from judgment.
 {¶ 23} Civ.R. 60(B) relief is not a substitute or alternative procedural path for appellate review of prejudicial error. Doe v.Trumbull Cty. Children's Services Bd. (1986), 28 Ohio St.3d 128,502 N.E.2d 605. A Civ.R. 60(B) motion must not be used merely to reiterate arguments concerning the merits of the case that could have been raised on appeal. Manigault v. Ford Motor Co. (1999), 134 Ohio App.3d 402, 412, *Page 8 731 N.E.2d 236. It appears that Appellant's "petition" was simply an attempt to relitigate issues that were not raised in direct appeal, and therefore, res judicata prevents Appellant from collaterally attacking both the trial court and this Court's previous judgments through the use of proceedings akin to Civ.R. 60(B).
 {¶ 24} Appellee also correctly points out that as part of their direct appeals, the defendants in Taylor addressed arguments both as to the determination that the defendants were sexual predators and that they had to register as sexual predators. Appellant completed his direct appeal process and never raised the issue he currently brings this Court. Appellant's situation cannot be compared to Taylor because Appellant is attempting to collaterally attack and supplement his unsuccessful direct appeal of the May 4, 1999, judgment. As already stated, a Civ.R. 60(B) motion is not an appellate substitute and cannot be used to raise issues that could have been raised in direct appeal.
 {¶ 25} The state's second argument is that the "petition" that Appellant filed seeks relief from an order that does not actually appear in the challenged entry. This is also a valid argument. In Appellant's December 27, 2006, "petition" to the trial court, he attempts to obtain some type of post-judgment relief from the May 4, 1999, entry. Appellant asks that this entry be "corrected," so that he will not have to register as a sexual predator. The judgment entry itself, however, is silent as to a requirement that Appellant register as a sexual predator. The entry declares that Appellant is designated a sexual predator, but does not state that he must so register. *Page 9 
 {¶ 26} A copy of the judgment entry was sent to the Department of Rehabilitation and Correction. Appellant alleges that the Department is now demanding that he register as a sexual predator, although there is nothing in the record indicating any action on the part of the Department. Based on the record that has been provided for this appeal, Appellant was not required to register as a sexual predator by the trial court and we have no indication that he has been asked by anyone else to so register. The trial court correctly overruled Appellant's petition because there was no basis for granting any relief. The prior judgment entry Appellant is challenging does not contain any order that needs to be reversed, vacated or modified regarding registration as a sexual predator, and therefore, the petition fails to state a claim for which any relief could be granted. The trial court was correct in dismissing the petition.
 {¶ 27} It is interesting to note that in Taylor, discussed earlier as the sole basis for Appellant's appeal, the Ohio Supreme Court did not reverse the sexual predator determinations. The Court only relieved the defendants from having to follow the registration requirements of Chapter 2950:
 {¶ 28} "[Defendants] Taylor and Wilson do not fit into any of these categories. They were not convicted of a sexually oriented offense, sentenced to a prison term for it, and released from that prison term on or after July 1, 1997. R.C. 2950.04(A)(1)(a). They were not sentenced for a sexually oriented offense on or after July 1, 1997. R.C.2950.04(A)(1)(b). They were not, prior to July 1, 1997, habitual sex offenders who were required to register. R.C. 2950.04(A)(1)(c). *Page 10 
Accordingly, we conclude that, even though Taylor and Wilson have been adjudicated to be sexual predators, R.C. 2950.04 does not require them to register as such.
 {¶ 29} "This conclusion is consistent with our decision in [State v.]Bellman [(1999), 86 Ohio St.3d 208, 714 N.E.2d 381] where we stated that `although Bellman is properly adjudicated a sexual predator under the new law, he has no duty to register because he does not fit within the plain language of R.C. 2950.04 describing categories of compulsory registrants.' Id., 86 Ohio St.3d at 212, 714 N.E.2d 381. The reasoning behind Bellman applies with equal force in this case: adjudication as a sexual predator is distinct from the duty to register." Taylor, supra,100 Ohio St.3d 172, 2003-Ohio-5452, 797 N.E.2d 504, at ¶ 9-10.
 {¶ 30} The trial court in the instant case only ruled as to the sexual predator designation. The court did not determine whether Appellant was subject to the registration requirements of R.C. Chapter 2950. Because these are two separate issues, Appellant is incorrect to broadly attack the sexual predator determination if his only actual argument concerns the registration requirements.
 {¶ 31} If Appellant has a dispute with the Department of Rehabilitation and Correction regarding registration as a sexual predator, he will have to handle his dispute directly with that agency, possibly through a writ of mandamus or writ of prohibition. The Ohio Supreme Court mentioned this as a possibility in State v. Hayden, which involved a direct appeal of a sexually oriented offender designation: "[The defendant] argues that defendants should have the opportunity for a hearing to *Page 11 
avoid the possibility of mistakes, for instance such as the misidentification of the offender or offense. However, we note that appellee has not alleged that any particular mistake has occurred here. Thus, we find this argument to be pure conjecture. Even if such an error did arise, legal remedies such as mandamus are available to correct such an error." State v. Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169,773 N.E.2d 502, ¶ 17.
 {¶ 32} As to Appellant's concern that the trial court did not hold a hearing on Appellant's "petition," assuming that his "petition" was in the nature of a Civ.R. 60(B) motion, as outlined earlier, it is well established that a court is not required to conduct a hearing under Civ.R. 60(B) where the facts are undisputed and the only dispute is over the application of the law to the facts. State ex rel. Richard v.Seidner (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134; Blair v.Boye-Doe, 157 Ohio App.3d 17, 2004-Ohio-1876, 808 N.E.2d 906. Appellant's "petition" raises no new factual issues. He argues only that a new legal standard should apply to the May 4, 1999, judgment entry. It is apparent that the Taylor opinion, the sole basis on which Appellant filed his "petition" with the trial court, does not support Appellant's argument and does not create any reason to hold a hearing. Therefore, there was no error in the trial court's decision to render judgment without a hearing.
 {¶ 33} It appears that Appellant's dispute, if any, is with the Department of Rehabilitation and Correction and not with the Mahoning County Court of Common Pleas. Appellant cannot collaterally attack the May 4, 1999, judgment of the trial court by filing what appears to be a motion to vacate pursuant to Civ.R. 60(B). *Page 12 
Furthermore, the error that Appellant seeks to correct does not exist in our record because the trial court's judgment entry designating Appellant a sexual predator is silent as to registration requirements. The trial court correctly overruled Appellant's post-judgment "petition", and the January 12, 2007, judgment entry is affirmed.
Donofrio, J., concurs.
 DeGenaro, P.J., concurs. *Page 1