DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas, in which the trial court denied a motion to vacate a guilty plea filed by appellant, Robert Earl Carpenter. On appeal appellant, acting pro se, sets forth the following three assignments of error:
 {¶ 2} "Assignment of Error 1: The trial court committed an error of law by overruling appellant's motion to withdraw [his] guilty plea. *Page 2 
 {¶ 3} "Assignment of Error 2: Appellant's Sixth Amendment right to effective assistance of counsel was violated.
 {¶ 4} "Assignment of Error 3: Appellant's Fourteenth Amendment right to due process was violated."
 {¶ 5} The relevant facts are as follows. In May 1981, following a jury trial, appellant was convicted on two charges of aggravated burglary, one count of aggravated robbery, and one count of gross sexual imposition. Appellant was sentenced to a prison term of 14 to 50 years; however, he was released from prison in 1994, after serving 13 years. Later that year, appellant was convicted on a separate charge of aggravated robbery, and was sentenced to serve 10 to 25 years in prison. Appellant was released from prison in 2005, after serving 11 years of his second sentence.
 {¶ 6} Prior to appellant's second release on parole, the Ohio Department of Rehabilitation and Correction recommended a sexual offender classification hearing pursuant to R.C. 2950.09. A hearing was conducted on May 24, 2004, in the Lucas County Court of Common Pleas, after which appellant was found to be a sexual predator on June 30, 2004. On appeal, that determination was ultimately overturned by this court and remanded for a new hearing. See State v. Carpenter, 6th Dist. No. L-04-1195, 2005-Ohio-6133. On May 22, 2006, a second Sexual Offender Classification hearing was conducted. On June 6, 2006, appellant was again classified as a sexual predator. On appeal, that determination was upheld by this court. See State v. Carpenter, 6th Dist. No. L-06-1203,2007-Ohio-3947, ¶ 28. Although not contained in the record, both parties *Page 3 
agree that appellant was ordered to register as a sex offender pursuant to R.C. 2950.04(A).
 {¶ 7} At the time of his second release from prison, appellant resided in Lucas County. However, appellant soon began taking classes at Owens Community College in Rossford, Wood County, Ohio. On March 16, 2006, the Wood County Grand Jury indicted appellant on one count of failure to register as a sex offender in a county where he attends an institution of higher learning, in violation of R.C. 2950.05(A)(4).
 {¶ 8} Initially, appellant pled not guilty to the charge in Wood County. However, appellant withdrew his not guilty plea and agreed to plead guilty to one count of failure to register, in violation of R.C. 2950.04(A)(4), in exchange for the state's recommendation that he be placed on community control. On October 2, 2006, a plea hearing was held, at which the trial court questioned appellant to ascertain that his plea was knowingly and voluntarily made, before accepting appellant's guilty plea. October 12, 2006, the trial court journalized a judgment entry to that effect.
 {¶ 9} On November 7, 2006, the trial court issued a judgment entry in which it found, after reviewing the evidence presented at appellant's sentencing hearing, the presentence investigation report and victims' impact statements, that appellant was not amenable to community control. Appellant was ordered to serve a six month prison sentence and pay the costs of prosecution.
 {¶ 10} On March 1, 2007, appellant was summoned before the Ohio Adult Parole Authority, where he was charged with violating his parole in Lucas County, by failing to *Page 4 
register as a sex offender in Wood County. As a result of those proceedings, appellant was sentenced to an additional nine months in prison, to be served consecutively with the six month sentence imposed by the trial court in Wood County.
 {¶ 11} On May 31, 2007, appellant, acting pro se, filed a post-sentence motion to withdraw his guilty plea in the Wood County Court of Common Pleas. In his motion appellant asserted that he, his appointed counsel, and the trial court all "erroneously thought that the offense was probationable" when, in fact, it was not. Appellant also argued that he received ineffective assistance of counsel because, if he had known he would not receive "probation" for the offense, he would not have entered a guilty plea. Appellant further argued that R.C. 2950.04(A)(4), which states that sex offenders are required to register in any county in which they attend school, does not apply to him, because the statute provides that the registration requirement is imposed on only those persons who are adjudicated as sex offenders after July 1, 1997.
 {¶ 12} On June 29, 2007, the trial court filed a judgment entry in which it found that appellant's plea was knowingly, voluntarily, and intelligently made. Accordingly, the trial court denied appellant's motion to withdraw his plea. The trial court did not address appellant's claim that he was exempt from registering as a sex offender in Wood County. A timely notice of appeal was filed on July 20, 2007.
 {¶ 13} In his first and third assignments of error, appellant asserts that the trial court erred by denying the motion to withdraw his guilty plea. In his first assignment of error, appellant asserts that he is not required to register as a sex offender in *Page 5 
Wood County pursuant to R.C. 2950.04. In support, appellant argues that he was convicted of a sex offense, and released from serving a prison sentence for that offense, before the statute took effect on July 1, 1997. In his third assignment of error, appellant argues that his due process rights were violated because he was not made aware by either defense counsel or the trial court that he was not required to register as a sex offender before he entered his guilty plea. Because these two assignments of error are related, we will discuss them together.
 {¶ 14} Withdrawal of a guilty plea is governed by Crim. R. 32.1 which states that:
 {¶ 15} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 16} The Supreme Court of Ohio has held that "a defendant seeking to withdraw a plea of guilty after sentence has the burden of establishing the existence of manifest injustice. United States v. Mainer (C.A. 3, 1967), 383 F.2d 444. The motion is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court. United States v. Washington (C.A. 3, 1965), 341 F.2d 277, certiorari denied 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89 rehearing denied 382 U.S. 933, 86 S.Ct. 317, 15 L.Ed.2d 346." State v. Smith
(1977), 49 Ohio St.2d 261, 264. An abuse of discretion connotes more than a mere error of law or judgment, instead requiring a finding that the trial *Page 6 
court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 17} The version of R.C. 2950.04 that was in effect at the time appellant was classified as a sexual predator stated, in relevant part, that:
 {¶ 18} "(A)(1) Each of the following types of offender who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense that is not a registration-exempt sexually oriented offense * * * shall register personally with the sheriff of the county immediately upon coming into a county in which the offender attends a school or institution of higher education on a full-time or part-time basis regardless of whether the offender resides or has temporary domicile in this state or another state, shall register personally with the sheriff of the county in which the offender is employed if the offender resides or has a temporary domicile in this state and has been employed in that county for more than fourteen days or for an aggregate period of thirty or more days in that calendar year, * * *:
 {¶ 19} "(a) Regardless of when the sexually oriented offense was committed, an offender who is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and, on or after July 1, 1997, is released in any manner from the prison term, term of imprisonment, or confinement;
 {¶ 20} "(b) Regardless of when the sexually oriented offense was committed, an offender who is sentenced for a sexually oriented offense on or after July 1, 1997, and to whom division (A)(1)(a) of this section does not apply; *Page 7 
 {¶ 21} "(c) If the sexually oriented offense was committed prior to July 1, 1997, and neither division (A)(1)(a) nor division (A)(1)(b) of this section applies, an offender who, immediately prior to July 1, 1997, was a habitual sex offender who was required to register under Chapter 2950 of the Revised Code."
 {¶ 22} In State v. Bellman (1999), 86 Ohio St.3d 208, the Ohio Supreme Court held that defendants who are sentenced for a sexually oriented offense and released prior to July 1, 1997, and were not previously required to register as sexually oriented offenders, cannot be required to register pursuant to R.C. 2950.04. Id. at 383. In State v.Champion, 106 Ohio St.3d 120, 2005-Ohio-4098, the Ohio Supreme Court found that a person whose prison term was, or could have been, completed before July 1, 1997, is not required to register or verify a current address pursuant to R.C. 2950.04(A). Id. at ¶ 13. However, the law established in Bellman and Champion cannot be applied in this case, for the following reasons.
 {¶ 23} Although the record does not contain the order requiring appellant to register as a sex offender, it is undisputed that the order did not originate in Wood County. It is further undisputed that the original order requiring appellant to register as a sexual predator in Lucas County, to date, has not been challenged either on direct appeal on in postconviction proceedings. While that order may be subject to challenge in Lucas County[1], appellant's guilty plea in Wood County was entered based on a valid order *Page 8 
requiring him to register as a sexual predator pursuant to R.C. 2950.04. In addition, as noted by the trial court, appellant stated at the plea hearing that he understood the nature of his plea, including the possibility that he could receive a prison sentence in spite of the prosecution's recommendation for community control.
 {¶ 24} On consideration of the foregoing, we find that the record does not demonstrate either the existence of manifest injustice or a denial of due process resulting from the trial court's denial of appellant's motion to withdraw his guilty plea in the Wood County case. Accordingly, the trial court did not abuse its discretion by refusing to vacate appellant's guilty plea in that case. Appellant's first and third assignments of error are not well-taken.
 {¶ 25} In his second assignment of error, appellant asserts that he received ineffective assistance of counsel. In support, appellant argues that he would not have entered a guilty plea in the Wood County case if appointed defense counsel had told him he was exempt from registration as a sexual predator.
 {¶ 26} In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court set forth a two-prong test to determine ineffective assistance of counsel. Id. at 687. In order to demonstrate ineffective assistance of counsel, an accused must satisfy both prongs. Id. First, the defendant must show that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel *Page 9 
guaranteed by the Sixth Amendment of the United States Constitution.Id. Second, he must establish that counsel's "deficient performance prejudiced the defense." Id. The failure to prove any one prong of theStrickland test makes it unnecessary for a court to consider the other prong. State v. Madrigal, 87 Ohio St.3d 378, 389, 2000-Ohio-448, citingStrickland at 697. In addition, in Ohio, a properly licensed attorney is presumed competent. State v. Smith (1985), 17 Ohio St.3d 98, 101, citingVaughn v. Maxwell (1965), 2 Ohio St.2d 299, 301.
 {¶ 27} As set forth in our disposition of appellant's first and third assignments of error, appellant's guilty plea was based on a valid order requiring him to register as a sexual predator pursuant to R.C. 2950.04. Accordingly, appellant has not shown that his counsel's performance in the Wood County case was deficient, or that he was prejudiced by counsel's advice that he enter a guilty plea in that case. Appellant's second assignment of error is not well-taken.
 {¶ 28} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
 JUDGMENT AFFIRMED. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
[1] We note that the doctrine of res judicata bars a collateral challenge to appellant's classification as a sexual predator, State v.Kelly, 7th Dist. No. 07 MA 27, 2007-Ohio-6228, ¶ 23. However, appellant is not barred from claiming that the original registration order is void because he is exempt from registration, since "[a] void judgment may be challenged at any time." State v. Montgomery, 6th Dist. No. H-02-039, 2003-Ohio-4095, ¶ 8, citing State v. Wilson (1995), 73 Ohio St.3d 40,45-56; Champion, supra. *Page 1