THE STATE OF OHIO, APPELLANT, *v.* TAYLOR, APPELLEE.

THE STATE OF OHIO, APPELLANT, *v.* WILSON, APPELLEE.

[Cite as *State v. Taylor,* 100 Ohio St.3d 172, 2003-Ohio-5452.]

(Nos. 2002–0840 and 2002–0841—Submitted April
29, 2003—Decided October 29, 2003.)

PFEIFER, J.

{¶ 1} These are two consolidated appeals from parallel decisions of the Court of Appeals for Cuyahoga County, which ruled that defendants-appellees are not required to register as sexual predators pursuant to R.C. 2950.04.  See *State v. Wilson,* 8th Dist. No. 79485, 2002-Ohio-1846, 2002 WL 664023; *State v. Taylor,* 8th Dist. No. 79475, 2002-Ohio-1554, 2002 WL 509563.  For the reasons stated below, we affirm the judgments of the court of appeals.

I

{¶ 2} Appellees, Lawrence J. Taylor and Willie Wilson, were separately convicted of sex crimes in the 1970s.  After being released from prison for the sexually oriented offenses, both men were convicted of nonsexual offenses.  Both were sentenced to prison.  After Taylor was released in 2000, and while Wilson was still incarcerated, plaintiff-appellee, the state of Ohio, moved that hearings be held to determine whether Taylor and Wilson were sexual predators subject to the registration requirements of R.C. Chapter 2950.  Thus, the trial courts were faced with the issue whether Taylor and Wilson had a duty to register as sexual predators, even though the offense for which they were imprisoned was not a sexual offense.  See R.C. 2950.04.

{¶ 3} The trial court ruled that Taylor had a duty to register as a sexual predator.  On appeal, the court of appeals reversed, stating that the trial court's application of the statute defied its plain meaning.  A different trial judge

determined that Wilson was also required to register as a sexual predator. The court of appeals reversed, relying on *State v. Bellman* (1999), 86 Ohio St.3d 208, 714 N.E.2d 381. The causes are now before this court pursuant to the allowance of discretionary appeals.

## II

{¶ 4} R.C. 2950.04 includes registration requirements for sexually oriented offenders. This statute states:

{¶ 5} "(A)(1) Each of the following types of offender who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense shall register * * *:

{¶ 6} "(a) Regardless of when the sexually oriented offense was committed, an offender who is sentenced for the sexually oriented offense to a prison term * * * and, on or after July 1, 1997, is released in any manner from the prison term * * *;

{¶ 7} "(b) Regardless of when the sexually oriented offense was committed, an offender who is sentenced for a sexually oriented offense on or after July 1, 1997, and to whom division (A)(1)(a) of this section does not apply;

{¶ 8} "(c) If the sexually oriented offense was committed prior to July 1, 1997, and neither division (A)(1)(a) nor division (A)(1)(b) of this section applies, an offender who, immediately prior to July 1, 1997, was a habitual sex offender who was required to register under Chapter 2950. of the Revised Code."

{¶ 9} Taylor and Wilson do not fit into any of these categories. They were not convicted of a sexually oriented offense, sentenced to a prison term for it, and released from that prison term on or after July 1, 1997. R.C. 2950.04(A)(1)(a). They were not sentenced for a sexually oriented offense on or after July 1, 1997. R.C. 2950.04(A)(1)(b). They were not, prior to July 1, 1997, habitual sex offenders who were required to register. R.C. 2950.04(A)(1)(c). Accordingly, we conclude that, even though Taylor and Wilson have been adjudicated to be sexual predators, R.C. 2950.04 does not require them to register as such.

{¶ 10} This conclusion is consistent with our decision in *Bellman*, where we stated that "although Bellman is properly adjudicated a sexual predator under the new law, he has no duty to register because he does not fit within the plain language of R.C. 2950.04 describing categories of compulsory registrants." Id., 86 Ohio St.3d at 212, 714 N.E.2d 381. The reasoning behind *Bellman* applies with equal force in this case: adjudication as a sexual predator is distinct from the duty to register.

{¶ 11} The state argues that it defies common sense to define a person as a sexual predator without requiring him to register, that any other reading renders R.C. 2950.04 toothless, and that the duty to register is inherent. We conclude that the plain meaning of R.C. 2950.04 provides no support for the state's arguments. The General Assembly could have written the statute to require all sexual predators to register; it did not.

{¶ 12} We conclude that Taylor and Wilson are not required to register as sexual predators under R.C. 2950.04.

Judgments affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PETREE and LUNDBERG STRATTON, JJ., concur.

PETREE, LUNDBERG STRATTON and O'CONNOR, JJ., concur separately.

CHARLES R. PETREE, J., of the Tenth Appellate District, sitting for COOK, J.

---

**O'CONNOR, J., concurring.**

{¶ 13} I concur with the majority, and I write separately to express concern regarding inconsistencies within the sexual offender chapter of the Revised Code.

{¶ 14} In support of its argument that registration should be required, the state posits that, under certain circumstances, a disconnect exists between a court's finding that a person is a sexual predator and that person's concomitant duty to register. Essentially, the state inquires what purpose may be served by classifying some offenders as sexual predators but not requiring them to register.

{¶ 15} R.C. 2950.04(A)(1) requires registration of only certain sexually oriented offenders. Registration is limited to those who were previously required to register and those who would be released from confinement for a sexually oriented offense into our communities on or after the effective date of R.C. Chapter 2950. Notably absent is a registration requirement for sexually oriented offenders who were confined pursuant to a sexually oriented offense and released from that confinement prior to July 1, 1997. Although an Ohio citizen may reasonably desire notification that any sexually oriented offender is about to enter his or her community, the General Assembly did not so provide.

{¶ 16} In *State v. Bellman* (1999), 86 Ohio St.3d 208, 714 N.E.2d 381, we described this peculiarity as "a gap in the R.C. 2950.04 coverage," but we declined to fill it, recognizing that it is not our place to cure a legislative omission. *Bellman* at 211, 714 N.E.2d 381, citing *Hough v. Dayton Mfg. Co.* (1902), 66 Ohio St. 427, 437, 64 N.E. 521. Nonetheless, the state, and no doubt many interested citizens, would have us fill this gap by imputing a duty to register based upon R.C. 2950.09(C)(1), which sets forth the procedure for classifying certain offend-

ers as sexual predators. This section details the circumstances under which the Department of Rehabilitation and Correction must recommend whether a sentencing court should classify a sexually oriented offender as a sexual predator. Such a recommendation must be made if the offender's conviction or guilty plea for a sexually oriented offense occurred before January 1, 1997, if the offender "was not sentenced for *the* offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving *a* term of imprisonment." (Emphasis added.) The use of the indefinite article "a" in reference to "term of imprisonment" indicates that it is irrelevant whether the offender was confined on or after January 1, 1997, for the sexually oriented offense or for some other offense, for instance burglary, as was the case with Taylor. Regardless of how this court should interpret the duty of the Department of Rehabilitation and Correction, R.C. 2950.09 addresses classification only; it does not command registration of an offender that was found to be a sexual predator. The registration requirement is exclusively found in R.C. 2950.04.

{¶ 17} This court's primary goal when interpreting a statute is to effectuate legislative intent. *Carter v. Youngstown Div. of Water* (1946), 146 Ohio St. 203, 32 O.O. 184, 65 N.E.2d 63, paragraph one of the syllabus. Where this intent is unclear, our interpretation is guided by myriad rules of statutory construction. Here, however, the language establishing the obligation to register is found solely in R.C. 2950.04, and it clearly does not impose registration upon a sexually oriented offender released from confinement for a sexually oriented offense prior to July 1, 1997. We cannot read a registration requirement for this class of offenders into either R.C. 2950.04 or R.C. 2950.09. Clearly a gap exists; however, it is solely within the General Assembly's purview to close it.

PETREE and LUNDBERG STRATTON, JJ., concur in the foregoing concurring opinion.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and Renee L. Snow, Assistant Prosecuting Attorney, for appellant.

Carlos Warner, for appellees.