JOURNAL ENTRY AND OPINION
{¶ 1} In this consolidated appeal the State of Ohio tests the order of Judge David T. Matia that dismissed two criminal cases against John Douglas, a sexually oriented offender, who had been indicted for failure to verify address[1] and failure to provide change of address,[2] and for a separate charge of escape.[3] It claims error in the misapplication of the law as to escape, and the misapplication of State v.Thompson[4] to the sex offender registration requirements. We reverse and remand
 {¶ 2} The record reveals that following a jury trial in July of 1989, Douglas was convicted on two counts of rape[5]
with a firearm specification and sentenced to concurrent seven- to twenty-five-year sentences on each rape count in addition to a three-year consecutive term for the firearm specification.[6]
 {¶ 3} At the State's request, a sexual predator determination hearing was held in January of 2000, and Douglas was adjudicated a sexually oriented offender. He was paroled in November of 2000, and in 2002 was indicted in CR 419802 for not timely notifying the sheriff of his address and change of address. When he failed to report to his parole officer, he was indicted in CR 424020 for escape.
 {¶ 4} Douglas moved to dismiss case CR 424020 on the authority of State v. Thompson,[7] where this court held that a person who committed a crime before July 1, 1996, could not be subject to the charge of escape. The judge, however, dismissed both cases on the authority of Thompson, and the State claims two assignments of error set forth in the appendix to this opinion.
I. ESCAPE
 {¶ 5} This court's opinion in Thompson, supra, was appealed to the Ohio Supreme Court and was recently reversed.[8] The syllabus provides:
"A parolee who fails to report to his parole officer afterMarch 17, 1998, may be prosecuted for escape under R.C. 2921.34,regardless of when his or her underlying crime was committed."
 {¶ 6} We are, therefore, constrained to find it was error to dismiss the offense of escape in CR 424020. This assignment of error has merit.
II. FAILURE TO NOTIFY
 {¶ 7} The State contends it was error to sua sponte dismiss CR 419802 based on Thompson, supra because the charge of escape was not an issue. We agree.
 {¶ 8} In 1963, Ohio enacted a sex offender registration statute,[9] which was revised in 1996 as part of H.B. 180.[10] The registration and notification requirements contained in R.C. 2950.04, 2950.05, 2950.06, 2950.10, and 2950.11
became effective July 1, 1997, and applied to all three classifications of sex offenders, and also applied to offenders who were sentenced for a sexual offense before or after the effective date of the statute, regardless of when the sexual offense occurred.[11]
 {¶ 9} Douglas was adjudicated a sexually oriented offender and ordered to register, verify, and notice any address change under the requirements of R.C. 2950.04, 05, and 06.
 {¶ 10} Douglas claims that the principles of statutory construction require a liberal construction in his favor, that the Ohio constitution supports a dismissal, and that his prosecution violates ex post facto laws. In State v.Cook,[12] however, the Ohio Supreme Court addressed these issues and held that "the registration and address verification provisions of R.C. Chapter 2950 are de minimis procedural requirements that are necessary to achieve the goals of R.C. Chapter 2950."
 {¶ 11} The State charged that Douglas was required to verify his current address and employment, along with other information, yearly for ten years but failed to do so.[13] It charged that he was also required to give the sheriff written notice of any change of address seven days prior to the change, and he did not.[14] Violation of these statutes result in penalties set forth in R.C 2950.99.
 {¶ 12} In light of Cook, the judge's sua sponte dismissal of CR 419802 on the authority of Thompson was erroneous. This assignment of error has merit.
Judgment reversed and remanded.
Dyke, J., and Gallagher, J., concur.
 APPENDIX A:
 "I. The trial court erred by dismissing CR 419802 under theauthority of State v. Thompson, Cuyahoga App. No. 78919,2002-ohio-6478.
 II. The trial court erred by dismissing CR 424020 under theauthority of State v. Thompson, Cuyahoga App, No. 78919,2002-ohio-6478."
[1] R.C. 2950.06.
[2] R.C. 2950.05.
[3] R.C 2921.34.
[4] Cuyahoga App. No. 78919, 2002-Ohio-6478.
[5] R.C. 2907.02.
[6] Douglas appealed and we affirmed his conviction in Statev. Douglas (May 9, 1991), Cuyahoga App. No. 58493.
[7] Cuyahoga App. No. 78919, 2002-Ohio-6478.
[8] (2004), 102 Ohio St.3d 287, 2004-Ohio-2946.
[9] See former R.C. Chapter 2950, 130 Ohio Laws 669.
[10] 146 Ohio Laws, Part II, 2560, 2561.
[11] Persons who had previously committed sexual offenses but were then in prison for non-sex crimes were subject to classification but not registration. State v. Taylor,100 Ohio St.3d 172, 2003-Ohio-5452, 797 N.E.2d 504.
[12] 83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570.
[13] R.C 2950.06.
[14] R.C. 2950.05.