THE STATE OF OHIO, APPELLANT, *v.* CHAMPION, APPELLEE.

[Cite as *State v. Champion,* 106 Ohio St.3d 120, 2005-Ohio-4098.]

(No. 2004–0871—Submitted March 8, 2005—Decided August 24, 2005.)

LANZINGER, J.

{¶ 1} Clarence Champion was indicted on March 12, 2003, for failing to periodically verify his current address with the sheriff of the county of his residence as certain sexually oriented offenders are required to do under R.C. 2950.06.

{¶ 2} In May 1978, Champion had been sentenced to an indefinite prison term of two to five years as a result of a guilty plea to gross sexual imposition ("GSI"), an offense now qualifying as a "sexually oriented offense" under R.C. 2950.01(D)(1)(a). The sentence for GSI was to be served concurrently with two other sentences. Champion served nearly 11 years and was paroled in 1989. He was later convicted of another crime and sentenced to prison, released again, and then returned to prison on an offense other than · GSI. His next release was sometime later.

{¶ 3} The state argued that Champion was required to register as a sex offender under R.C. 2950.06. That statute requires periodic verification of the offender's address with the sheriff of the county of the offender's residence. R.C. 2950.04(A)(1) indicates the persons covered by the statute:

{¶ 4} "(a) Regardless of when the sexually oriented offense was committed, an *offender who is sentenced for the sexually oriented offense to a prison term*, a term of imprisonment, or any other type of confinement *and, on or after July 1, 1997, is released in any manner from the prison term*, term of imprisonment, or confinement;

{¶ 5} "(b) Regardless of when the sexually oriented offense was committed, an offender who is sentenced for a sexually oriented offense on or after July 1, 1997, and to whom division (A)(1)(a) of this section does not apply;

{¶ 6} "(c) If the sexually oriented offense was committed prior to July 1, 1997, and neither division (A)(1)(a) nor division (A)(1)(b) of this section applies, an offender who, immediately prior to July 1, 1997, was a habitual sex offender who was required to register under Chapter 2950. of the Revised Code." (Emphasis added.)

{¶ 7} The state charged Champion with a registration violation under R.C. 2950.06 because he had been convicted of GSI, a sexually oriented offense under R.C. 2950.01(D)(1)(a), and had been released from prison after July 1, 1997. Champion filed a motion to dismiss the indictment, which was granted by the trial court after a hearing. The Court of Appeals for Cuyahoga County affirmed the dismissal of the indictment, determining that "[t]he plain language of R.C. 2950.04 requires that the offender be sentenced for or under confinement for a 'sexually oriented offense' on or after July 1, 1997 in order for the registration requirement to be applicable." It also noted that there was insufficient evidence to indicate why Champion had been sent back to prison. *State v. Champion*, 8th Dist. No. 83157, 2004–Ohio–2009, 2004 WL 858763, at ¶ 15.

{¶ 8} Although we have not considered the statute in light of facts such as these, we have previously held that a defendant who was sentenced for a sexually oriented offense, who was released prior to July 1, 1997, and who was not previously required to register under R.C. Chapter 2950 cannot be required to

register as a sexual predator under R.C. 2950.04. *State v. Bellman* (1999), 86 Ohio St.3d 208, 209, 714 N.E.2d 381; *State v. Taylor*, 100 Ohio St.3d 172, 2003–Ohio–5452, 797 N.E.2d 504, at ¶ 9–10.

{¶ 9} As in *Bellman* and *Taylor*, we must follow the statutory language carefully. R.C. 2950.04(A)(1)(a) states: "Regardless of when the sexually oriented offense was committed, an offender who is sentenced for the sexually oriented offense to a prison term * * * and, on or after July 1, 1997, is released in any manner from the prison term" must register. The language says released "from *the* prison term," not released from *any* prison term, as the state would have it. (Emphasis added.) Champion's GSI sentence was two to five years, but his concurrent terms caused him to serve almost 11 years before his first release in 1989. The GSI prison sentence had been completed, at the very latest, in 1983 (assuming the maximum sentence of five years). Champion could not, therefore, have been released from prison on or after July 1, 1997, on his GSI conviction.

{¶ 10} The state specifically acknowledged during the motion-to-dismiss hearing that Champion "was returned to prison on a different type of imprisonment, not on the GSI." There appears to be no evidence that he was released from prison on a sexually oriented offense after July 1, 1997.

{¶ 11} As this is the case, Champion is not included within any of the three subsections of R.C. 2950.04(A)(1). R.C. 2950.04(A)(1)(a) includes only those who were convicted and sentenced to prison for a sexually oriented offense and who were released from prison on *that* sexually oriented offense on or after July 1, 1997.

{¶ 12} Champion also evades application of R.C. 2950.04(A)(1)(b) because he was sentenced prior to July 1, 1997, and evades (A)(1)(c) because he was never adjudicated a habitual sex offender and was not required to register under R.C. Chapter 2950. The statute simply does not cover Champion's situation, and we decline to rewrite R.C. 2950.04(A)(1) to do so.

{¶ 13} We hold that a person whose prison term for a sexually oriented offense was completed before July 1, 1997, is not required to register under R.C. 2950.04(A)(1)(a) or periodically verify a current address under R.C. 2950.06(A), even if the person returns to prison on a parole violation for a term served concurrently with the sexually oriented offense.

{¶ 14} Since Champion had no statutory duty to verify his address, the motion to dismiss the charge of failure to verify was properly granted. The decision of the Court of Appeals for Cuyahoga County is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Renee L. Snow, Assistant Prosecuting Attorney, for appellant.

Thomas Rein, for appellee.