JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Shigali Jones, appeals the determination of the common pleas court, classifying him as a sexual predator, pursuant to R.C. 2950.09. Upon review of the record and applicable case law, we now reverse and vacate appellant's classification.
 {¶ 2} On April 27, 1989, appellant was indicted by the Cuyahoga County Grand Jury on counts of kidnapping; aggravated robbery; gross sexual imposition; aggravated burglary; and possessing criminal tools. These charges arose from a sexual assault on a 40-year-old woman. A jury trial commenced on June 5, 1990. During the course of the trial, the court dismissed the count of aggravated burglary. On June 8, 1990, appellant was found guilty of the remaining charges. He was subsequently sentenced to concurrent prison terms of six to 25 years for the kidnapping; six to 15 years for the aggravated robbery; one year for the possession of criminal tools; and one year for the gross sexual imposition conviction. This court upheld appellant's underlying convictions. See State v. Jones (July 2, 1992), Cuyahoga App. No. 60106.
 {¶ 3} In September 2003, appellant was released from incarceration on parole. On March 2, 2004, the state filed a request for a sexual offender classification hearing, pursuant to R.C. 2950.09. Although the trial court initially scheduled a hearing on April 1, 2004, several continuances were granted, for a number of reasons, causing delay. The classification hearing was finally held on January 10, 2005, continued, and completed on March 3, 2005. Appellant was found to be a sexual predator. He appeals this classification citing five assignments of error.
 {¶ 4} "I. Under the case known as State v. Taylor (2003),100 Ohio St.3d 172, the trial court erred in ordering the appellant to register as a sexual predator."
 {¶ 5} In his first assignment of error, appellant contends that the trial court erred in ordering his registration as a sexual predator because he was not serving a prison term for a sexually oriented offense on July 1, 1997 or thereafter, as statutorily required. Pursuant to recent dictates of the Ohio Supreme Court, we sustain this assignment of error.
 {¶ 6} Before an offender may be ordered to register as a sexual predator, he must satisfy one of the categories provided in R.C. 2950.04(A). State v. Bellman, 86 Ohio St.3d 208,1999-Ohio-95, 714 N.E.2d 381. According to R.C. 2950.04(A), registration is only required pursuant to one of the following:
 {¶ 7} "(a) Regardless of when the sexually oriented offense was committed, an offender who is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and, on or after July 1, 1997, isreleased in any manner from the prison term * * *;
 {¶ 8} "(b) Regardless of when the sexually oriented offense was committed, an offender who is sentenced for a sexually oriented offense on or after July 1, 1997 * * *;
 {¶ 9} "(c) If the sexually oriented offense was committed prior to July 1, 1997, * * *, immediately prior to July 1, 1997, was a habitual sex offender who was required to register under Chapter 2950 of the Revised Code." (Emphasis added.)
 {¶ 10} Appellant was sentenced in 1990 to concurrent prison terms of up to 25 years on convictions for kidnapping, aggravated robbery, possession of criminal tools, and gross sexual imposition. He was then released on parole in September 2003, after July 1, 1997. However, appellant argues that his one-year sentence for gross sexual imposition, being a definite term sentence, had been served in its entirety by June 1991. In analyzing the treatment of prison terms for sexually oriented offenses that are run concurrent with prison terms for non-sexually oriented offenses, this court had previously rejected the above contention in State v. Elswick, Cuyahoga App. No. 81509, 2003-Ohio-655:
 {¶ 11} "It is the defendant's contention that, although he received a total term of incarceration for sexual battery, felonious assault, and aggravated assault, he completed serving the two years imposed on the sexual battery charge by 1989. It follows, he argues, that since he was no longer serving a sentence for a sexually oriented offense, he should not be required to register as a sexual predator. * * * the record reflects that at the time of his sexual predator hearing the defendant was still serving an aggregate term of incarceration for crimes which included a sexually oriented offense.
 {¶ 12} "We reject the defendant's assertion that he had completed serving the sexual offense portion of his sentence by 1989." Id.
 {¶ 13} Subsequent to this court's ruling in Elswick, the Ohio Supreme Court spoke to this issue in State v. Champion,106 Ohio St.3d 120, 2005-Ohio-4098, wherein they held that a person whose prison term for a sexually oriented offense was completed before July 1, 1997, is not required to register under R.C. 2950.04, even if the person returns to prison on a parole violation for a term served concurrently with the sexually oriented offense. Id., syllabus. Accordingly, this court's previous approach as articulated in Elswick, supra, is overruled, and we must now conform to the principles ofChampion, supra.
 {¶ 14} In Champion, the Ohio Supreme Court held:
 {¶ 15} "[W]e have previously held that a defendant who was sentenced for a sexually oriented offense, who was released prior to July 1, 1997, and who was not previously required to register under R.C. Chapter 2950 cannot be required to register as a sexual predator under R.C. 2950.04. State v. Bellman (1999),86 Ohio St.3d 208, 209, 1999-Ohio-95, 714 N.E.2d 381; State v.Taylor, 100 Ohio St.3d 172, 2003-Ohio-5452, 797 N.E.2d 504, at Pp. 9-10.
 {¶ 16} "As in Bellman and Taylor, we must follow the statutory language carefully. R.C. 2950.04(A)(1)(a) states: `Regardless of when the sexually oriented offense was committed, an offender who is sentenced for the sexually oriented offense to a prison term * * * and, on or after July 1, 1997, is released in any manner from the prison term' must register. The language says released `from the prison term,' not released from any prison term, as the state would have it. (Emphasis added.) Champion's GSI sentence was two to five years, but his concurrent terms caused him to serve almost 11 years before his first release in 1989. The GSI prison sentence had been completed, at the very latest, in 1983 (assuming the maximum sentence of five years). Champion could not, therefore, have been released from prison on or after July 1, 1997, on his GSI conviction." Champion, supra at 121-122.
 {¶ 17} Applying the above to the case at bar, appellant is correct in his argument that his one-year sentence for a sexually oriented offense, while it ran concurrently with other indefinite prison sentences, did expire by June 1991. Therefore, appellant was not released from incarceration, pursuant to his prison sentence relating to the sexually oriented offense, on or after July 1, 1997.
 {¶ 18} As in Champion, appellant is "not included within any of the three subsections of R.C. 2950.04(A)(1). R.C.2950.04(A)(1)(a) includes only those who were convicted and sentenced to prison for a sexually oriented offense and who were released from prison on that sexually oriented offense on or after July 1, 1997." Id., at 122. Consequently, we now reverse and vacate the trial court's order for appellant to register as a sexual predator.
 {¶ 19} "II. The trial court erred in failing to hold a hearing and make a determination regarding Mr. Jones' classification within one year of Mr. Jones' release from incarceration."
 {¶ 20} "III. The trial court's conclusion that Mr. Jones is a sexual predator is not supported by sufficient evidence."
 {¶ 21} "IV. The trial court erred in not making a finding regarding Mr. Jones' status as a habitual sexual offender."
 {¶ 22} Appellant's second, third, and fourth assignments of error all assert further error in the trial court's order to register as a sexual predator. However, our ruling on appellant's first assignment of error vacates the trial court's sexual predator classification. Thus, Assignments of Error II thru IV are moot, pursuant to App.R. 12(A)(1)(c).
 {¶ 23} "V.R.C. 2950.031 violates the due process clauses of the United States and Ohio Constitutions."
 {¶ 24} Appellant's fifth and final assignment of error contends that R.C. 2950.031, Ohio's residency restriction statute, violates the due process clauses of the United States and Ohio constitutions.
 {¶ 25} R.C. 2950.031 provides:
 {¶ 26} "(A) No person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to either a sexually oriented offense that is not a registration-exempt sexuallyoriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises." (Emphasis added.)
 {¶ 27} Pursuant to our ruling in Assignment of Error I, appellant is not required to register under any provision of R.C.2950.04. Consequently, any prohibitions under R.C. 2950.031 are inapplicable to appellant. Since appellant is not affected by R.C. 2950.031, he has no standing to challenge its constitutionality. Coston v. Petro (2005), 398 F.Supp.2d 878. This assignment of error is dismissed for lack of standing.
 {¶ 28} Judgment reversed; this matter is remanded to the trial court with orders to vacate the sexual predator finding.
This cause is reversed, vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and McMonagle, J., Concur.