The **STATE** of Ohio, Appellee,

v.

**TOWNSEND**, Appellant.

[Cite as *State v. Townsend,* 181 Ohio App.3d 53, 2009-Ohio-467.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 90890.

Decided Feb. 5, 2009.

**54**

William D. Mason, Cuyahoga County Prosecuting Attorney, and Daniel A. Cleary and Debra A. Obed, Assistant Prosecuting Attorneys, for appellee.

Michael P. Maloney, for appellant.

CHRISTINE T. McMONAGLE, Judge.

{¶ 1} Defendant-appellant, Lawrence Townsend, appeals the December 18, 2007 trial court judgment adjudicating him a sexual predator. Townsend raises five assignments of error for our review. Upon review of the first and second assignments, we reverse and remand with instructions to vacate.

{¶ 2} The record before us indicates that Townsend was convicted of rape in a multicount indictment on August 17, 1972. He was sentenced on May 22, 1973, "for an indeterminate period." The parties stipulate in their briefs that Townsend was paroled on August 31, 1984. It is unclear from the record before us, but it appears that subsequent to this incarceration, he was returned to prison at least once for a nonsexual offense (not a parole violation). The record is silent as to the date of his return to prison for the nonsexual offense and is likewise silent as to his date of release. At the time of his H.B. 180 hearing on December 17, 2007, however, Townsend was no longer incarcerated on any charge.

{¶ 3} The only evidence before the trial court on his convictions and sentences indicated that his sentence for the sexual offense was completed in 1984 and that thereafter he was never again convicted of a sexual offense. In his first and second assignments of error, Townsend contends, respectively, that R.C. 2950.04 (the sexual-predator-registration statute) did not apply to him and that the court did not have jurisdiction to adjudicate him a sexual predator. We agree.

{¶ 4} In *State v. Champion*, 106 Ohio St.3d 120, 2005-Ohio-4098, 832 N.E.2d 718, the Ohio Supreme Court unanimously held that R.C. 2950.04 applies only to those who were convicted and sentenced to prison for a sexually oriented offense

and who were released from prison on that sexually oriented offense on or after July 1, 1997.[1] The Ohio Supreme Court stated as follows:

{¶ 5} "As in *Bellman* and *Taylor*,[2] we must follow the statutory language carefully. R.C. 2950.04(A)(1)(a) states: 'Regardless of when the sexually oriented offense was committed, an offender who is sentenced for the sexually oriented offense to a prison term* * * and, on or after July 1, 1997, is released in any manner from the prison term' must register. The language says released 'from *the* prison term,' not released from *any* prison term, as the state would have it. * * * Champion's GSI [gross sexual imposition] sentence was two to five years, but his concurrent terms caused him to serve almost 11 years before his first release in 1989. The GSI prison sentence had been completed, at the very latest, in 1983 (assuming the maximum sentence of five years). Champion could not, therefore, have been released from prison on or after July 1, 1997, on his GSI conviction." (Emphasis sic.) Id. at ¶ 9.

{¶ 6} Under the authority of *Champion*, the trial court was without jurisdiction to require Townsend to register as a sexual predator.

{¶ 7} Subsequent to *Champion*, this court followed that same logic in *State v. Jones*, Cuyahoga App. No. 86251, 2006-Ohio-1338, 2006 WL 727682, as did the United States District Court for the Southern District of Ohio in *Coston v. Petro* (2005), 398 F.Supp.2d 878. All of these cases hold that to be required to register as a sex offender under R.C. 2950.04(A)(1), an offender must have served a term of imprisonment for the *sexually oriented offense* on or after July 1, 1997.

{¶ 8} *Champion* was decided in August 2005, *Coston* in November 2005, and *Jones* in March 2006. The dissent states that Townsend "relies upon statutes and case law which were no longer effective at the time the State requested the sexual predator hearing in December 2006 or at the time he was released from prison in January 2007" and cites *Champion* as one of the cases. The dissent believes that the short-lived April 2005 amendment to R.C. 2950.04(A)(4),[3] which required registration if the offender was adjudicated a

---

1. Champion was sentenced to an indefinite term of two to five years as a result of a guilty plea to gross sexual imposition (a sexually oriented offense). The sentence was to be served concurrently with two other sentences. He was released in 1989, only to be returned to prison twice for nonsexually oriented offenses. "There appears to be no evidence that he [Champion] was released from prison on a sexually oriented offense after July 1, 1997." *Champion* at 122, 2005-Ohio-4098, 832 N.E.2d 718.

2. *State v. Bellman* (1999), 86 Ohio St.3d 208, 714 N.E.2d 381; *State v. Taylor*, 100 Ohio St.3d 172, 2003-Ohio-5452, 797 N.E.2d 504.

3. R.C. 2950.04 was again amended, effective January 1, 2008, and that amendment completely rewrote the statute.

sexual predator, effectively overruled *Champion*. We are not persuaded. First, the April 2005 amendment was in effect at the time the Ohio Supreme Court decided *Champion*, and it did not impact the holding; rather, the Supreme Court decided *Champion* on R.C. 2950.04(A)(1). Second, if by the 2005 amendment to R.C. 2950.04(A)(4), the legislature had intended for *all* offenders to register, it would have stated that explicitly in R.C. 2950.04(A)(1); it did not. We therefore believe that *Champion*, *Jones*, and *Coston* are good law as to offenders, like Townsend, who were released from prison on a sentence for a sexually oriented offense before July 1, 1997, were sentenced prior to July 1, 1997, and were never adjudicated habitual sexual offenders.

{¶ 9} The dissent further relies on R.C. 2950.09(C) (repealed January 1, 2008) as the applicable section of the Revised Code to be used in the resolution of this issue. That statute, however, governed the *labeling* of a defendant convicted of a sexually oriented offense, not the *registration* of a sexual predator. This distinction was noted by the Ohio Supreme Court. In *Taylor*, 100 Ohio St.3d 172, 2003-Ohio-5452, 797 N.E.2d 504, the court stated, "Accordingly, we conclude that, even though Taylor and Wilson have been adjudicated to be sexual predators, R.C. 2950.04 does not require them to register as such." Id. at ¶ 9. Similarly, in *Bellman*, 86 Ohio St.3d 208, 714 N.E.2d 381, the court noted "that although Bellman is properly adjudicated a sexual predator under the * * * law, he has no duty to register because he does not fit within the plain language of R.C. 2950.04 describing categories of compulsory registrants." Id. at 212, 714 N.E.2d 381. See also *State v. Kelly*, Mahoning App. No. 07 MA 27, 2007-Ohio-6228, 2007 WL 4145793. The dissent's reliance on R.C. 2950.09 regarding the issue of registration is misplaced.

{¶ 10} Accordingly, consistent with *Champion* from the Ohio Supreme Court in 2005, *Coston* from the Southern District of Ohio in 2005, and *Jones* from this court in 2006, we hold that in order to be required to register as a sex offender in Ohio, an offender must have served a term of imprisonment *for a sexually oriented offense* on or after July 1, 1997. Townsend, having completed his sentence for a sexually oriented offense in 1984, is *not* subject to any registration requirements.

{¶ 11} The first and second assignments of error are sustained, the case is reversed, and the sexual-predator adjudication is vacated. The remaining assignments of error are moot and will not be considered. App.R. 12(A)(1)(c).

Judgment accordingly.

SWEENEY, J., concurs.

ROCCO, P.J., dissents.

Rocco, Presiding Judge, dissenting.

{¶ 12} The majority incorrectly relies upon case law construing a version of R.C. 2950.04 that was no longer in effect at the time the trial court rendered its decision in December 2007. Concededly, *State v. Champion*, 106 Ohio St.3d 120, 2005-Ohio-4098, 832 N.E.2d 718, does not explicitly state which version of R.C. 2950.04 it is construing. However, the majority improperly assumes that the decision must have been based on the April 29, 2005 version of R.C. 2950.04 simply because that version was in effect on August 24, 2005, when the Ohio Supreme Court entered its decision. Based on this improper assumption, the majority apparently then concludes that R.C. 2950.04(A)(4) is irrelevant because the Supreme Court did not refer to it in *Champion*.

{¶ 13} Appellate decisions must be based on the statutes applicable in the common pleas court when it rendered its decision. The version of R.C. 2950.04 at issue in *Champion* could not have been the version effective April 29, 2005, because all common pleas court proceedings had been completed before that date. Instead, the Supreme Court must have been construing the Senate Bill 5 version, effective July 31, 2003. This version did not include the language in R.C. 2950.04(A)(4) that I find critical to this case: an offender who "is adjudicated a sexual predator under division (C) of section 2950.09" but as to whom "neither division (A)(1), (2), nor (3) of this section applies," has a duty to register. The majority's incorrect assumption leads it to ignore this critical provision. Therefore, I dissent.

{¶ 14} A necessary precondition to the applicability of R.C. 2950.04(A)(4) is that "neither division (A)(1), (2), nor (3) applies." I would find that they do not apply. Just as in *Champion*, the appellant here "is not included within any of the three subsections of R.C. 2950.04(A)(1). R.C. 2950.04(A)(1)(a) includes only those who were convicted and sentenced to prison for a sexually oriented offense and who were released from prison on that sexually oriented offense on or after July 1, 1997." *Champion*, at ¶ 11. Like the offender in *Champion*, appellant here was released from prison on the sexually oriented offense long before July 1, 1997. Appellant "also evades application of R.C. 2950.04(A)(1)(b) because he was sentenced prior to July 1, 1997, and evades (A)(1)(c) because he was never adjudicated a habitual sexual offender and was not required to register under R.C. Chapter 2950." Id. at ¶ 12.

{¶ 15} Division (A)(2) also does not apply to appellant. It applies only to juvenile offender registrants, and appellant is not a juvenile offender. Division (A)(3) applies to offenders convicted or adjudicated in another state, a federal court, military court, Indian tribal court, or a court in another nation. This division also does not apply to appellant.

{¶ 16} The first precondition of R.C. 2950.04(A)(4) has been met. Next, we must consider whether "the offender [was] adjudicated a sexual predator under division (C) of section 2950.09 of the Revised Code."[4]

{¶ 17} R.C. 2950.09(C) applies "[i]f a person was convicted of or pleaded guilty to a sexually oriented offense that is not a registration-exempt sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution." It is clear that appellant was convicted and sentenced for a sexually oriented offense before January 1, 1997, so the only issue is whether appellant "is serving a term of imprisonment." This language is markedly different from R.C. 2950.04(A)(1). The offender need not be serving "the" prison term imposed for the sexually oriented offense in order for the department to recommend to the court whether he should be found to be a sexual predator; he must only be serving "a" prison term.

{¶ 18} If appellant was properly found to be a sexual predator under R.C. 2950.09(C), then he had a duty to register by the terms of R.C. 2950.04(A)(4), as amended effective April 29, 2005, notwithstanding that his sentence for the sexually oriented offense had already been served.

{¶ 19} Under R.C. 2950.09(C)(2)(a), "[t]he court may hold the [sexual predator] hearing and make the determination prior to the offender's release from imprisonment or at any time within one year following the offender's release from that imprisonment." To hold that this refers to the imprisonment for the sexually oriented offense would create an anachronism, requiring a hearing to be held before the statute came into effect. We cannot assume the legislature intended an absurdity. The imprisonment to which this subdivision refers must be the same imprisonment referred to in subdivision (C)(1).

{¶ 20} While the record does not contain any official record indicating when appellant was released from imprisonment, both the state (in its brief) and appellant (in his disclosures during the sexual-predator evaluation) indicate that he was paroled in January 2007. The court's hearing and determination occurred within one year thereafter, in December 2007. Therefore, the hearing was timely.

---

4. The majority correctly but irrelevantly notes that R.C. 2950.09(C) governs the labeling of a defendant convicted of a sexually oriented offense, not the registration duties of a sexual predator. The sexual-predator label is essential to create a registration duty under R.C. 2950.04(A)(4). Thus, we must assess whether appellant is a sexual predator under R.C. 2950.09(C) in order to determine whether he has registration duties under R.C. 2950.04(A)(4).

{¶ 21} I would find there was ample evidence in the record to support the trial court's determination that appellant is a sexual predator. The court's exhibits included appellant's institutional records from the Ohio Department of Rehabilitation and Correction, as well as the court psychiatric clinic's evaluation, of his risk of reoffending. This evidence showed that appellant was 61 years old and had spent 40 of the previous 42 years in prison on the charges discussed above. His institutional record reflected an extensive history of sexual acting-out, including five placements in segregation between 2000 and 2005 for indecent exposure and masturbation in front of female corrections officers. The court psychiatric clinic determined that persons with appellant's score of 8 on the static–99 test have a recidivism rate of 39 percent over five years, 45 percent over ten years, and 52 percent over 15 years. Furthermore, appellant satisfied the diagnostic criteria for antisocial personality disorder and exhibitionism. The record provided ample evidence to support the court's determination that the state had proved by clear and convincing evidence that appellant was likely to engage in the future in a sexually oriented offense.

{¶ 22} Accordingly, I would affirm the common pleas court's decision.