[Cite as *State v. Cole*, 2011-Ohio-6283.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96687**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNETH COLE

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**VACATED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-179837

**BEFORE:** Keough, J., Sweeney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 8, 2011

**ATTORNEY FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

**{¶ 1}** Defendant-appellant, Kenneth Cole, appeals from the trial court's judgment finding him to be a sexually oriented offender after a H.B. 180 sexual offender classification hearing in 2004. Cole contends that the trial

court did not have jurisdiction to conduct the hearing. We agree and, therefore, vacate the trial court's judgment.

## I. Procedural History

{¶ 2} In 1979, Cole was convicted of sexual battery. *State v. Cole* (July 10, 1979), Cuyahoga C.P. No. CR-042396-C. He was sentenced to five to 15 years incarceration and placed on probation. There is no indication in the record that Cole was ever found to be a probation violator or served a prison sentence for this conviction. In 1983, Cole was convicted of murder and sentenced to 15 years to life in prison. *State v. Cole* (Mar. 22, 1984), Cuyahoga App. No. 46968. There was no sexual motivation for the murder; it was precipitated by an argument between Cole and the victim over money the victim owed to Cole.

{¶ 3} In February 2004, while Cole was incarcerated for the murder conviction, the State, having received a recommendation from the department of rehabilitation and correction that Cole be classified as a sexual predator, requested that the trial court hold a H.B. 180 sexual offender classification hearing. The trial court held the hearing in July 2004. The court determined that Cole was neither a sexual predator nor a habitual sex offender but, based on the 1979 sexual battery conviction, ruled that he was a sexually oriented offender and ordered him to register and verify his address annually for ten years.

**{¶ 4}** This court subsequently granted Cole's motion for a delayed appeal of the trial court's judgment.

## II. The Sexual Offender Classification Hearing

**{¶ 5}** Cole raises two issues regarding the sexual offender classification hearing. He first contends that the trial court lacked jurisdiction to hold the classification hearing because at the time of the hearing, he was not in prison for a sexually oriented offense. Next, he argues that the trial court lacked jurisdiction to hold the hearing because it was not the same court that sentenced him for his sexually oriented offense.

**{¶ 6}** In 1996, the General Assembly enacted Megan's Law, also known as House Bill 180, which repealed prior versions of R.C. Chapter 2950 and created a registration and classification system for sex offenders.[1] "Under Megan's Law, offenders who had committed a sexually oriented offense that was not registration-exempt were labeled a sexually oriented offender, a habitual sexual offender, or a sexual predator based upon the crime committed and the findings made by the trial court at a sexual offender classification hearing." *Green v. State*, Hamilton App. No. C-090650, 2010-Ohio-4371, ¶1.

---

[1] In January 2008, Ohio's Adam Walsh Act went into effect, repealing Megan's Law and replacing the classification system of Megan's Law with a tier system consisting of three tiers dependent solely on the offense of conviction. See R.C. Chapter 2950.

{¶ 7} The version of former R.C. 2950.09(C)(1) in effect in 2004, concerning offenders who could retroactively be subject to sexual offender classification hearings, stated in relevant part:

{¶ 8} "If a person was convicted of or pleaded guilty to a sexually oriented offense * * * prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, the department of rehabilitation and correction shall * * *:

{¶ 9} (b) * * * determine whether to recommend that the offender be adjudicated a sexual predator. * * * If the department determines that it will recommend that the offender be adjudicated a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender. * * *."

{¶ 10} In *State v. Wilson* (Oct. 26, 2000), Cuyahoga App. No. 77530, affirmed *State v. Taylor*, 100 Ohio St.3d 172, 2003-Ohio-5452, 797 N.E.2d 504, this court interpreted R.C. 2950.09(C)(1) and stated:

{¶ 11} "R.C. 2950.09(C)(1) applies to offenders who: (1) were convicted or entered a plea of guilty to a sexually oriented offense prior to January 1, 1997; (2) were sentenced for the sexually oriented offense prior to January 1,

1997; and (3) were serving a term of imprisonment in a state correctional facility on or after January 1, 1997.

**{¶ 12}** "Ohio courts have consistently rejected the argument that R.C. 2950.09(C)(1) requires that on or after January 1, 1997, the offender is serving a term of imprisonment for a sexually oriented offense. * * *

**{¶ 13}** "As the Seventh Appellate District noted in *State v. Berry* (Dec. 13, 1999), Carroll App. No. 716, unreported:

**{¶ 14}** "'* * * A review of R.C. 2950.09(C)(1) unequivocally reveals that all [that] is required prior to a sexual predator determination hearing is that "the offender is serving a term of imprisonment." Absolutely no reference is made that the imprisonment must arise as a result of a sexually oriented offense conviction. Had the legislature intended such a requirement it easily could have inserted such language in the statute. Due to the very fact that this type of restriction has not been included in the statute, this court is precluded from reading such into the statute as the statute is clear and unambiguous on its face.'" (Internal citations omitted.) See, also, *State v. Taylor* (Apr. 4, 2002), Cuyahoga App. No. 79475, 2002-Ohio-1554, affirmed *Taylor*, supra, 2003-Ohio-5452 ("R.C. Chapter 2950 allows a judge to hold a sexual predator hearing for any defendant previously convicted of a sexually oriented offense and in prison for any offense as of January 1, 1997"); *State v. Childs* (2001), 142 Ohio App.3d 389, 755 N.E.2d 958 (plain and unambiguous

language of statute does not restrict "term of imprisonment" to one being served for a sexual offense).

{¶ 15} Cole was convicted and sentenced prior to January 1, 1997, of a sexually oriented offense, and was imprisoned in a state correctional facility after January 1, 1997. Therefore, his argument that the trial court lacked jurisdiction to conduct a sexual predator classification hearing because he was not incarcerated in 2004 for a sexually oriented offense is without merit.

{¶ 16} Nevertheless, we find that the trial judge who conducted the classification hearing lacked jurisdiction to do so because he was neither the original nor successor judge who sentenced Cole for his sexually oriented offense in 1979.

{¶ 17} Former 2950.09(C)(1)(b) specifically designated "the court that sentenced the offender" for his sexually oriented offense as the court to hold the sexual offender classification hearing and determine sexual offender status. As the Ninth District recognized in *State v. McIntire* (1998), 130 Ohio App.3d 463, 465, 720 N.E.2d 222, former "R.C. 2950.09(C)(1) specifically states that the sexual predator recommendation 'shall' be sent to 'the court that sentenced the offender.' This language is clear and the intent of the legislature on this point cannot reasonably be doubted. Although it would have been easier to draft a general statute allowing any court in Ohio to proceed on a sexual-predator recommendation, the legislature took the extra

step of specifically designating 'the court that sentenced the offender' as the court to determine sexual predator status. Thus, the court that sentenced the offender is the only court with jurisdiction to proceed under R.C. 2950.09(C)." citing *State v. Yoakam* (Sept. 24, 1997), Union App. No. 14-97-09.

{¶ 18} Here, the judge who held the sexual predator hearing was neither the original judge who sentenced Cole for his sexually oriented offense nor the successor to that judge. Accordingly, the court did not have jurisdiction to proceed under former R.C. 2950.09(C) and its judgment finding Cole to be a sexually oriented offender is therefore void. See *Stewart v. Zone Cav of Cleveland* (Jan. 31, 2002), Cuyahoga App. No. 79317 (where the trial court enters an order without jurisdiction, its order is void and a nullity).

### III. Duty to Register

{¶ 19} Moreover, even if the court had jurisdiction to conduct the classification hearing and adjudicate Cole to be a sexually oriented offender, Cole would still have had no duty to register.

{¶ 20} As the Ohio Supreme Court recognized in *State v. Bellman*, 86 Ohio St.3d 208, 1999-Ohio-95, 714 N.E.2d 381, adjudication under Megan's Law as a sexually oriented offender did not necessarily trigger registration requirements. Former R.C. 2950.04 explained which persons had a duty to register. The version in effect in 2004 provided in relevant part as follows:

{¶ 21} "(A)(1) Each of the following types of offender who is convicted of or pleads   guilty to * * * a sexually oriented offense * * * shall register * * *:

{¶ 22} Regardless of when the sexually oriented offense was committed, an offender who is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and, on or after July 1, 1997, is released in any manner from the prison term, term of imprisonment, or confinement;

{¶ 23} Regardless of when the sexually oriented offense was committed, an offender who is sentenced for a sexually oriented offense on or after July 1, 1997, and to whom division (A)(1)(a) of this section does not apply;

{¶ 24} If the sexually oriented offense was committed prior to July 1, 1997, and neither division (A)(1)(a) nor division (A)(1)(b) of this section applies, an offender who, immediately prior to July 1, 1997, was a habitual sex offender who was required to register under Chapter 2950 of the Revised Code."

{¶ 25} An offender had to fit within one of the categories of former R.C. 2950.04(A) before he could be required to register.  *Bellman*, supra; *State v. Riley* (2001), 142 Ohio App.3d 580, 586, 756 N.E.2d 676.   Cole did not fit any of these categories.

{¶ 26} "R.C. 2950.04(A)(1)(a) include[d] only those who were convicted and sentenced to prison for a sexually oriented offense and who were released

from prison on *that* sexually oriented offense on or after July 1, 1997." *State v. Champion*, 106 Ohio St.3d 120, 2005-Ohio-4098, 832 N.E.2d 718, ¶11 (Emphasis sic). See, also, *Riley*, supra at 679; *State v. Benson* (Aug. 28, 2000), Butler App. No. CA99-11-194. Because Cole was neither serving a prison sentence for a sexually oriented offense on July 1, 1997, nor released from that prison term after July 1, 1997, R.C. 2950.04(A)(1) did not apply to him.

{¶ 27} Likewise, former R.C. 2950.04(A)(1)(b) did not apply to Cole because he was not sentenced for a sexually oriented offense on or after July 1, 1997. And former R.C. 2950.04(A)(1)(c) did not apply because Cole was not, prior to July 1, 1997, a habitual sex offender who was required to register under R.C. Chapter 2950. Accordingly, even if the trial court had jurisdiction to adjudicate Cole to be a sexually oriented offender, Cole would have had no duty to register because he did not fit within any of the categories of compulsory registrants under former R.C. 2950.04(A)(1).

{¶ 28} In *Bellman*, supra, the Ohio Supreme Court recognized that situations such as Cole's fell within a "gap" in the coverage of former R.C. 2950.04. The Supreme Court noted, however, that although the gap created by the statute might have been a legislative oversight, the court could only interpret the legislation; it could not supply its omissions. Id., ¶4.

{¶ 29} Thus, consistent with *Bellman*, in *Taylor*, supra, 2003-Ohio-5452, the Ohio Supreme Court held that the defendants, although adjudicated as sexual predators, were not required to register because they did not fit into any of the R.C. 2950.04(A)(1) categories.  The court stated:

{¶ 30} "This conclusion is consistent with our decision in *Bellman,* where we stated that 'although Bellman is properly adjudicated a sexual predator under the new law, he has no duty to register because he does not fit within the plain language of R.C. 2950.04 describing categories of compulsory registrants.'  Id., 86 Ohio St.3d at 212, 714 N.E.2d 381.  The reasoning behind *Bellman* applies with equal force in this case: adjudication as a sexual predator is distinct from the duty to register."  Id. at ¶10.

{¶ 31} Because Cole did not fit any of the categories under former R.C. 2950.04(a), even if the trial court had jurisdiction to conduct the sexual offender classification hearing and adjudicate him to be a sexually oriented offender, Cole would have had no duty to register.

{¶ 32} Cole's assignment of error is sustained and the trial court's judgment finding him to be a sexually oriented offender and ordering him to register and verify his address annually for ten years is vacated.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

JAMES J. SWEENEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR