[Cite as *State v. Walker*, 2017-Ohio-7493.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160764 |
| | | TRIAL NO. B-0007550 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| JEFFREY WALKER, | : | |
| Defendant-Appellant. | : | |
| | | |
| STATE OF OHIO, | : | APPEAL NO. C-160863 |
| | | TRIAL NO. B-0601085 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| JEFFREY WALKER, | : | |
| Defendant-Appellee. | : | |

Criminal Appeals From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Reversed and Cause Remanded in C-160764;
                                  Affirmed in C-160863

Date of Judgment Entry on Appeal:  September 8, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for the State of Ohio,

*Raymond T. Faller*, Hamilton County Public Defender, and *Carrie Wood*, Assistant Public Defender, for Jeffrey Walker.

**MOCK, Presiding Judge.**

### *Facts and Procedure*

### *1. The 1986 Case*

{¶1}   On July 2, 1986, Jeffrey Walker pleaded guilty to aggravated robbery, aggravated burglary, theft and gross sexual imposition ("GSI").  He was sentenced to one and a half years' incarceration on the GSI, to be served concurrently with the sentences imposed on the other offenses.

{¶2}   While Walker was still serving time on the 1986 case, the General Assembly enacted former R.C. Chapter 2950 ("Megan's Law").  *See* Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, enacted in 1996, amended in 2003 by Am.Sub.S.B. No. 5, 150 Ohio Laws, Part IV, 6556.  Former R.C. 2950.04(A)(1)(a) provided that "[r]egardless of when the sexually oriented offense [had been] committed, an offender who [was] sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and, on or after July 1, 1997, [was] released in any manner from the prison term, term of imprisonment, or confinement" was required to register as a sex offender under Megan's Law.  On July 23, 1997, Walker was brought back before the trial court for a sexual-offender-classification hearing and was adjudicated a sexual predator.

{¶3}   In 2005, the Ohio Supreme Court held in *State v. Champion*, 106 Ohio St.3d 120, 2005-Ohio-4098, 832 N.E.2d 718, that former R.C. 2950.04(A)(1)(a) required only those who were serving a prison term on or after July 1, 1997, for a sexually oriented offense to register as sex offenders.  In 2016, Walker filed a pro se motion to vacate the registration order as void.  Appointed counsel filed a subsequent "motion for an order that Mr. Walker has no duty to register."  The motions were based on the ground that Walker had finished serving his sentence for GSI before July 1, 1997, and therefore, he had no duty to register as a sex offender.

The trial court granted the motions, vacated the sexual-predator classification, and stated that Walker "has no duty to register in the State of Ohio because he was not serving a prison term for a sex offense on July 1, 1997."

### 2. Appeal No. C-160764

{¶4} On October 2, 2000, in the case numbered B-0007550, Walker was indicted for failing to provide periodic verification of his address. He pleaded guilty to and was convicted of attempted failure to provide periodic verification of his address. On July 19, 2016, after the trial court in the 1986 case had vacated the registration order, Walker filed a motion to withdraw his guilty plea and dismiss the indictment in the 2000 case. The motion was denied. Walker appealed the denial of his motion in the appeal numbered C-160764. He has raised one assignment of error, alleging that the trial court erred in overruling his motion to withdraw his guilty plea and dismiss the indictment, and arguing that his plea was not knowing, intelligent and voluntary and that he demonstrated a manifest injustice, because he had no duty to register.

### 3. Appeal No. C-160863

{¶5} On February 15, 2006, Walker was indicted for failing to provide periodic verification of his address and failing to provide notice of a change of address. He pleaded guilty to failing to verify and the failing-to-notify charge was dismissed. Following the trial court's order in the 1986 case vacating the registration order, Walker filed a motion to withdraw his plea and dismiss the indictment in the 2006 case. The trial court granted Walker's motion, and the state appealed in the appeal numbered C-160863. The state's sole assignment of error alleges that the trial court erred in granting Walker's motion to withdraw his plea and dismiss the indictment. The state's appeal was consolidated with Walker's appeal for purposes of argument and disposition.

3

***Analysis***

{¶6}    Because Walker was not serving a sentence for a sexually oriented offense on or after July 1, 1997, he has no duty to register as a sex offender.  *See Lewis v. Leis*, 1st Dist. Hamilton No. C-080216, 2009-Ohio-3096, ¶ 11 (holding that the sex-offender registration obligations under former R.C. 2950.04 apply only to offenders who were convicted of and sentenced to prison for a sexually oriented offense and who were released from prison for that sexually oriented offense on or after July 1, 1997); *Champion*, 106 Ohio St.3d 120, 2005-Ohio-4098, 832 N.E.2d 718.  The trial court in the 1986 case correctly vacated its July 23, 1997 order requiring Walker to register as a sexual predator and directed that Walker's classification be removed from the sex-offender registry.

{¶7}    In *State v. Ferguson*, 1st Dist. Hamilton No. C-140368, 2015-Ohio-1463, ¶ 7, quoting *State v. Shirley*, 1st Dist. Hamilton No. C-130121, 2013-Ohio-5216, ¶ 8, we stated,

> Crim.R. 32.1 provides that a trial court may permit a defendant to withdraw a guilty plea after sentence "to correct manifest injustice." Crim.R. 32.1; *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus; *State v. Akemon*, 173 Ohio App.3d 709, 2007-Ohio-6217, 880 N.E.2d 143, ¶ 8 (1st Dist.).  "A manifest injustice has been defined as a 'clear or openly unjust act,' evidenced by an extraordinary and fundamental flaw in a plea proceeding." *State v. Tekulve,* 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030, ¶ 7 (1st Dist.), citing *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), and *Smith* at 264.

{**¶8**}   It is clear that Walker does not have a duty to register as a sexual offender and thus could not have been convicted of violating that duty.  Therefore, he could not have knowingly, intelligently or voluntarily pleaded guilty to failing to verify his address or to attempted failure to verify.  *See State v. King*, 2015-Ohio-3565, 41 N.E.3d 847, ¶ 11 (1st Dist.).   We hold that Walker has demonstrated manifest injustice, and therefore, he must be permitted to withdraw his guilty pleas. *Id.*   Further, because Walker has no duty to register as a sex offender, the indictments charging Walker with failing to register must be dismissed.

{**¶9**}   The state argues that the issue of whether Walker has a duty to register is barred by res judicata.  It is not.  The issue of sexual-offender classification is distinct from the issue of the duty to register.  *State v. Taylor*, 100 Ohio St.3d 172, 2003-Ohio-5452, 797 N.E.2d 504, ¶ 10.  A sexual offender's duty to register under Megan's Law arose solely under former R.C. 2950.04.  *Lewis* at ¶ 8.  "Even if an offender has been 'adjudicated a sexual predator [pursuant to R.C. 2950.09], he has no duty to register [if] he does not fit with the plain language of R.C. 2950.04 describing categories of registrants.' "  *Id.*, citing *State v. Bellman*, 86 Ohio St.3d 208, 212, 714 N.E.2d 381 (1999), and *State v. Jones* 8th Dist. Cuyahoga No. 86251, 2006-Ohio-1338, ¶ 6.  Walker's duty to register was not adjudicated in the sexual-predator-classification proceeding.

{**¶10**}  Walker's assignment of error is sustained and the state's assignment of error is overruled.

{**¶11**}  The judgment of the trial court in the appeal numbered C-160764 is reversed and the cause is remanded with instructions to the trial court to grant Walker's motion to withdraw his guilty plea and dismiss the indictment because he has no duty to register as a sex offender.  The judgment of the trial court in the appeal numbered C-160863 is affirmed.

Judgment accordingly.

**CUNNINGHAM** and **DETERS, JJ**., concur.

Please note:

The court has recorded its own entry this date.

